## BAILEY HOWES vs. HARVEY GILLETT.

The plaintiff in the action is not entitled to a second trial under *sec* 5, *chap.* 64, *p.* 595, *Pub. Stat.*

An order granting a plaintiff a second trial in such case is appealable.

The plaintiff (Howes) brought an action of ejectment against the defendant, (Gillett,) and judgment was rendered in the District Court of Dakota County, against the plaintiff for costs and disbursements. Plaintiff paid the judgment, and served a written demand for another trial, and made a motion to said Court for an order to place said cause on the calendar for another trial thereof, which motion was granted and such order entered.

The defendant appeals from said order.

CLAGETT & CROSBY, T. R. HUDDLESTON and SMITH & GILMAN for Appellant.

The Court erred in granting another trial to the plaintiff.

*Sec.* 5, *Chap.* 64, *page* 595, *of the Comp. Stat.*, provides that "Any person against whom a judgment for the recovery of specific real property is rendered, may within six months after written notice of the judgment, upon the payment of all costs and damages recovered thereby, demand another trial," &c.

This statute is in derogation of the common law and common right, and must be strictly construed.

A second trial in an action of ejectment was not given by the common law, and it is not given in any case by the law of Minnesota, except the one provided for by this section.

A second trial is given only to the person against whom a judgment for the recovery of specific real property is rendered.

A judgment for the recovery of specific real property can only be rendered against the defendant in an action of ejectment.

As a condition precedent to another trial, the party is required to pay all costs and damages recovered by the judgment. *Sec.* 5, *page* 595, *C. S.*

In an action for the recovery of real property, damages cannot be recovered against the plaintiff—but can be recovered against the defendant for withholding the property from the plaintiff. *C. S., page* 543, *Sec.* 87.

Section 7 provides that the judgment last given shall be the final determination of the rights of the parties, and if a prior

judgment shall have been executed, restitution must be ordered.

The word damages used in the 5th section, and the proviso in the 7th section, show clearly that the defendant only is entitled to another trial; for

The defendant only can have a judgment for the recovery of specific real property rendered against him. He is the only party against whom a judgment for damages can be rendered—and the only party to whom restitution can be ordered in case a prior judgment shall have been executed.

The law favors the party in possession. *Graham & Waterman on New Trials, Vol. 3, page* 1351, *citing* 5 *Ohio,* 245.

The plaintiff must recover upon the strength of his own title, and not upon the weakness of that of his adversary.

When he comes into Court he must come prepared to prove his title—if he fails the judgment against him is final. But the law of Minnesota favoring the party in possession, will not permit him to be ousted of his possession without a second trial, if he demands it.


S. Smith for Respondent.


The Court below had nothing to do with the granting of a new trial in this action—the plaintiff was entitled to a new trial as a matter of right, having demanded the same and paid the costs in the manner and within the time prescribed by statute. *See Comp. Stat., Sec.* 5, *of Chap.* 64, *on page* 595.

The motion on which the order appealed from was granted in effect was to place the cause on the calendar for trial. The order of the Court was that it be placed on the calendar, and is not an appealable order. *See Session Laws of* 1861, *page* 133.

The counsel for the appellant claim that by our statute a new trial is only given to the defendant, as a judgment for the recovery of specific real property, can only be rendered against the defendant—that the statute is in derogation of the common law and must be strictly construed.

If the counsel are correct in their views, the statute has not

interfered with the common law rights of the plaintiff in relation to new trials in actions of ejectment, but has only abridged the rights of the defendant.

By the common law either party in an action of ejectment had a right to contest the right of possession as often as he saw fit, until enjoined by a court of chancery. *See* 2 *Selwyn's Nisi Prius*, pages 670 *and* 671; *Baze vs. Arper*, 6 *Minn. R.*, 233 *and* 234; 23 *Wend.*, 482.

A fair construction of the statute will give to each party an equal right to a new trial.

*By the Court—*BERRY, J.—We perceive no reason why the order made in this action in the District Court is not appealable, for it appears to have been both in form and effect an order granting a new trial.

Whether the respondent was or was not entitled to a new trial depends wholly upon the statute. *Sec. 5, Chap.* 64, *page* 595, *Pub. Stat.*, enacts "that any person against whom a judgment for the recovery of specific real property is rendered, may within six months after written notice of the judgment, upon the payment of all costs and damages recovered thereby, demand another trial by notice in writing to the adverse party or to his attorney in the action, and thereupon the action may be brought to trial by either party." Now, the only party to an action of ejectment as in this case against whom a judgment for the *recovery* of real property can be rendered must be the defendant. He is in possession, and in no reasonable sense can it be contended that a judgment denying the plaintiff's right to a recovery is a judgment against him *for* a recovery. It is impossible to recover from him what he has not got. Again, the second trial is to be granted upon the payment of costs and *damages*. Damages in ejectment are awarded for the withholding of the property in dispute or for rents and profits, and it cannot be claimed that such damages could be recovered against a plaintiff not in possession. *Sec. 4, Id.* By section 7 where the result is changed by a new trial, *restitution* is to be ordered in case the prior judgment has been executed.

And this serves to confirm the idea that the party from whom the property has been taken away, and who has been deprived of his possession by the judgment in the first trial, is the party entitled to review by a second trial.

Whether each party ought or ought not in reason to be entitled to a new trial in actions of ejectment, the theory of our law on the subject seems to be that when the question of title has been once fairly litigated according to the course of practice in the courts, the defendant, the party in possession, shall not be harassed by a second trial. When the plaintiff institutes his action he ought to know whether he has any title and what it is, and our statute does not see fit to allow him to make repeated experiments at the expense and to the inconvenience of the defendant, unless he can bring himself within the rules applicable to other civil actions.

The order granting another trial is reversed.