WILLIAM F. DAVIDSON,

*vs.*

URI L. LAMPREY.

Under *Sec.* 5 of *Ch.* 75 of *Gen. Stat.*, as amended by an act approved March 7th, 1867, (*Sess. Laws* 1867, *p.* 117) either party to an action for the recovery of real property, has a right to a second trial of the action upon complying with the terms of the law

Under said section the payment of the costs and damages recovered by the judgment, and the demand for another trial by notice in writing to the adverse party within six months after receiving written notice

of the judgment, are conditions precedent to the right of a second trial.

A payment to the clerk of the court, of the amount of costs and damages recovered by the judgment in such action, in the absence of a rule or order of the court requiring or authorizing the payment of such amount into court, is not a payment into court, nor a compliance with the statute above referred to

In order to constitute a payment into court, the payment must be made under a rule or order of the court to that effect.

The service of a notice of a demand for a re-trial of an action under the section above referred to, is a proceeding in the action, and if the notice is invalid may be set aside by the court upon motion or rule to show cause.

A statement or recital in the record of satisfaction of a judgment for damages and costs in an action for the recovery of real property, made by the clerk, that the plaintiff by his attorney this day paid into court the amount of the judgment for costs, &c., does not, on a motion or rule in *said action* to cancel such record, show a payment into court : and upon an order in said action to show cause why such statement and satisfaction of the judgment should not be cancelled, and the plaintiff's motion and demand for a re-trial of the action set aside, based upon a credible and uncontradicted affidavit denying the truth of the facts stated in the satisfaction of the judgment, and showing, substantially, that the payment referred to as a payment into court was not such, but was a mere payment to the clerk, without any authority or direction from the court ; and that no portion of the judgment had ever been paid to this defendant, the relief sought by the defendant should be granted.

This is an appeal from an order of the court of common pleas for Ramsey county. The case is fully stated in the opinion of the court.

LAMPREYS for Appellant.

ALLIS, GILFILLAN & WILLIAMS for Respondent.

*By the Court*—McMILLAN, J.—This was an action of ejectment brought by the plaintiff in the court of common pleas of Ramsey county to recover the possession of certain

real estate. The cause was tried by a jury, and a verdict rendered for the defendant.

The defendant having given notice of the taxation of costs before the clerk, the plaintiff appeared and objected to certain items of the costs claimed by the defendant, which objection was overruled by the clerk, and the costs taxed as claimed by the defendant, and on the 22d of December, 1869, the judgment was entered for defendant, *inter alia*, for forty four 14-100 dollars costs and disbursements.

The defendant appealed to the court below from the taxation of the costs by the clerk, and on the hearing of the appeal the court modified the judgment as to costs, by deducting twelve dollars therefrom; from which the defendant on the 12th day of January, 1870, appealed to this court, which appeal is now pending  On the 12th of January, 1870, the defendant served upon plaintiff written notice of the judgment.

On the 8th of July, 1870, the plaintiff served on defendant's attorneys, notice that he " has paid all costs and damages recovered by the defendant, and hereby demands another trial of said action."

On the 15th of August, 1870, the defendant presented to the court below an affidavit, in which, among other things, it is stated as follows : " That there is entered and recorded in said cause among the records thereof in said court, and upon the judgment book, and docket thereof, a pretended satisfaction of said judgment, which is in the words and figures as follows; that is to say :

" July 8th, 1870.    Plaintiff this day by his attorneys paid into court the sum of forty-eight fourteen one hundredths dollars, being the amount of principal and interest of the judgment entered for costs against plaintiff and in favor of defendant, December 22d, 1869.

" Therefore, in pursuance of said payment, (of forty-eight fourteen one hundredth dollars into court for the use of said defendant) I hereby enter above judgment against plaintiff fully paid and discharged of record.

July 8th, 1870.                    ALBERT ARMSTRONG, Clerk."

The affidavit also avers, that no sum of money whatever had then (the time when said demand for a new trial was served) or ever has been paid to or deposited with the court or the clerk thereof for the purposes mentioned in said pretended satisfaction, and denies that the entry of satisfaction was in any way authorized by defendant, and that the judgment is unpaid.   On this affidavit the defendant obtained an order of the court upon the plaintiff to show cause why the pretended satisfaction of the judgment should not be set aside and vacated, and the judgment reinstated, and why the plaintiff's motion and demand for a new trial in the cause should not be set aside and vacated, and such motion for a new trial denied by this court, and why said defendant should not have such further relief as shall be just, &c

On the hearing of the order to show cause on the 20th of August, 1870, the court ordered that the motion be denied; whereupon the defendant appealed from such order.

By an act of the legislature, approved March 7th, 1867, section 5 of chapter 75 of the general statutes is amended to read as follows:

"Any person against whom a judgment is recorded, in an action for the recovery of real property, may, within six months after written notice of such judgment, upon payment of all costs and damages recovered thereby, demand another trial by notice in writing to the adverse party, or his attorney in the action, and thereupon the action shall be re-tried, and may be brought to trial by either party." *Laws* 1867, *p.* 117.

The proceedings for a new trial in this cause were taken by the plaintiff under this section. The amendment was evidently made in view of the fact that the then existing law, as construed in *Howes vs. Gillet*, 10 *Minn.* 397, did not extend to the plaintiff in an action of ejectment, and was intended to embrace all the parties to such action in its provisions. The plaintiff, therefore, had a right to a second trial of the action upon complying with the terms of the law.

The payment of the costs and damages recovered by the judgment, and the demand of another trial by notice in writing to the adverse party, within six months after receiving written notice of judgment, were conditions precedent to the right of a second trial. The payment of forty-eight 14-100 dollars referred to in the record of the satisfaction of the judgment entered by the clerk, as a payment of that sum into court, is the only payment claimed to have been made by the plaintiff; if this is not a sufficient payment then none has been made.

There is nothing in the record showing that this payment was made under any rule or order of the court authorizing or requiring it to be made, unless it is to be presumed from the statement on the record, "July 8th, 1870. Plaintiff this day by his attorneys paid into court the sum of forty-eight fourteen one hundredths dollars, being the amount of principal and interest of the judgment entered for costs against plaintiff and in favor of defendant, December 22, 1869."

In a collateral proceeding this presumption would perhaps obtain, but this is a direct proceeding in the action to cancel this portion of the record, upon the denial of the truth of the fact stated, and to make it conform to the truth, the affidavit showing, substantially, that the payment, referred to as a payment into court, was not such, but a payment to

the clerk without any authority or direction from the court.

The record discloses no authority for the payment, and the fact would seem to be, there was none.

In order to constitute a payment into court, the payment must be made under a rule or order of the court to that effect, the reason for this being, that a payment made under such rule is a judicial admission, by the party making the payment, of the facts implied by the payment, in favor of his adversary. In the absence of such rule, it is no such admission. 1 *Greenleaf's Ev.* § 205; *Watkins vs. Travers, et al.*, 2 *Term R.* 275; *Boyden vs. Morse, adm'x etc.*, 5 *Mass.* 364; *Baker vs. Hunt*, 1 *Wend.* 103, 1 *Tidd's Pr. ch.* 25; *Dubois vs. Dubois*, 6 *Cow.* 494.

The payment of the amount in the case at bar, therefore, was unauthorized, and was not a payment into court, nor was it a compliance with the statute. The defendant's motion to correct the record and cancel the satisfaction of the judgment should have been granted.

The notice of a demand for a new trial was based expressly upon this payment; it was a proceeding in the action necessary to the plaintiff in order to obtain a new trial, and the defendant had a right, if the notice was invalid, to have it set aside. Whether the notice of a demand for a new trial made before payment of the judgment, although irregular, might not be sustained upon the subsequent payment thereof within the six months specified in the statute, we do not determine; no such offer was made in this case, and both the court below, and the plaintiff's counsel sustained the regularity of the notice, upon the ground that the payment referred to was a strict compliance with the statute.

The motion of the defendant, therefore, to set aside the plaintiff's notice of a motion for a new trial, should have been granted.

In what condition the parties now stand with reference to a second trial, in our view of the pending appeal from the order modifying the original judgment, we need not consider.

Order reversed.