GEORGE H. LITCHFIELD *vs.* ROBERT J. MCDONALD and others.

May 10, 1886.

**Action on Official Bond of Constable—Leave to Sue.**—Gen. St. 1878, *c.* 78, §§ 1, 2, and 3, requiring leave to be obtained from a district court or judge before bringing an action upon an official bond, apply to constables' bonds.

**Same—Statute of Limitations.**—But the leave required is no part of the cause of action. *That* accrues independent of and prior to the application for leave, and the applicable statute of limitation commences to run from the same time that it would if no such leave was required.

Plaintiff brought this action in February, 1885, in the district court for Mower county against the principal and sureties on the official bond of the defendant McDonald as constable of the city of Austin.   The complaint alleges that the wrong complained of as a breach of the condition of the bond was committed in November, 1878, and that this action is brought by leave granted by the district court on February 9, 1885.   Plaintiff appeals from an order by *Farmer, J.*, sustaining a demurrer to the complaint.

*Lafayette French*, for appellant, cited *Wood* v. *Myrick*, 16 Minn. 447, (494;) *Lanier* v. *Irvine*, 24 Minn. 116.

*Johnson & Pierce*, for respondents.

BERRY, J.   This is an action upon a constable's bond, which counsel on both sides treat as having been executed under Gen. St. 1878, *c.* 10, § 42, but which appears to us to have been executed under section 1, subchapter 3, of the charter of the city of Austin, found in chapter 1, Sp. Laws 1876.   But, however this may be, we are clear that the bringing of an action upon it is controlled by sections 1, 2, and 3, chapter 78, Gen. St. 1878.   The last clause of section 42, *supra*, is not at all inconsistent with these sections, and does not operate to supersede or dispense with them as respects actions upon constables' bonds.

But we are also clear that the leave which these sections require a private person to obtain from a district court or judge, before bringing an action upon such a bond, is no part of such person's cause of action.   His cause of action (if any he has) accrues independent of and prior to the application for leave, and is the very basis upon which the application rests; and hence a statute of limitation commencing to run from the date when his cause of action accrues, commences to run from the same time that it would commence if no such leave were required; that is to say, in a case like this at bar, the statute commences to run from the time when the wrong complained of was done, and not from the time of obtaining leave to sue.   In this case over six years elapsed between the commission of the wrong complained of and the institution of the action, so that the action is barred both under the first subdivision of section 6 and the first subdivision of section 7, chapter 66, Gen. St. 1878, whichever may be

applicable; and as this fact as to the lapse of time is distinctly alleged in the complaint, the defendants' demurrer should have been sustained.

The view which we have expressed may appear to be inconsistent with that taken in *Wood* v. *Myrick*, 16 Minn. 447, (494,) followed in *Lanier* v. *Irvine*, 24 Minn. 116. We have only to say that we have so little doubt of the unsoundness of the view taken in *Wood* v. *Myrick* that, while we have no intention to disturb it as applied to chapter 55, Gen. St., and to the particular case of probate bonds there treated of, (for this might work mischief,) we do not think it ought to be extended to cases governed, as is the present, by the provisions of chapter 78. If nothing but a mere and ordinary question of practice were involved, we should feel some hesitation in departing from the analogy of *Wood* v. *Myrick;* but to allow a party to extend the time within which he will bring his action upon an official bond against sureties, as well as the principal, indefinitely, by postponing his application for leave to sue, is not only anomalous, but so contrary to the entire spirit, policy, and purpose of statutes of limitation, and so impolitic in itself, that the question mentioned is one of very great practical and substantial importance, and there is no sensible reason why the obtaining of leave to sue, and the institution of the action, should not both take place within the period limited for the bringing of the action.

Order affirmed.