Jason C. Easton *vs.* T. A. Sorenson, County Auditor.

Argued May 4, 1893.    Decided May 19, 1893.

### Limitation of Action for Money Paid at a Void Tax Sale.

As against a claim upon a county to have returned the amount of money paid out for lands at a void tax sale, as provided in 1878 G. S. ch. 11, § 97, as amended by Laws 1881, ch. 10, the statute of limitations commences to run on the day of the entry of judgment against the purchaser adjudging and decreeing such sale void.

Appeal by defendant, T. A. Sorenson, County Auditor of Fillmore County, from an order of the District Court of that County, *John Q. Farmer*, J., made August 17, 1892, overruling his demurrer to the complaint.

The complaint was framed under 1878 G. S. ch. 11, § 97, as amended by Laws 1881, ch. 10, § 19, and by Laws 1889, ch. 186, § 1, to recover money paid at tax sales prior to 1870. The action was commenced July 15, 1890, but the demurrer was not argued in the trial court until August 17, 1892. This was more than a year after

Laws 1891, ch. 66, had again amended the last proviso of the section so that it read, "that the provisions of this section shall not apply to any sales of land for taxes made prior to the passage of this Act."

The complaint was substantially as follows: The defendant is County Auditor of Fillmore County. At a sale of land for taxes held at the Auditor's office on June 7, 1869, the south half of southwest quarter of section four (4), T. 104, R. 8, in said county, was exposed for sale for nonpayment of taxes levied and assessed thereon for the year 1868, with interest, penalties and costs; and on that day the plaintiff, Jason C. Easton, purchased said land at said sale for $9.87, which sum plaintiff, as such purchaser, on said day paid therefor into the treasury of said county. Thereupon the Auditor of said county issued and delivered to him an official certificate of the purchase. Thereafter on August 11, 1871, the land being unredeemed from the sale, and the time of redemption having expired, plaintiff surrendered his certificate, and received from said Auditor an official deed of said land, and it was recorded November 30, 1876, in the Registry of Deeds of said county. In an action pending in the District Court of said County, wherein John Kohan was plaintiff and the plaintiff Easton was defendant, judgment was duly given and entered November 24, 1880, that the estate and interest which Easton claimed in and to said land under and by virtue of said tax sale, certificate and deed, were void, and said tax deed and certificate were set aside and cancelled of record. Thereafter on June 30, 1890, this plaintiff Easton presented to said Auditor a copy of that judgment, and demanded that he make and deliver to plaintiff his official warrant on the County Treasurer of said county in favor of this plaintiff, for the money so paid, with interest thereon at the rate of seven per cent. a year from June 7, 1869; but defendant refused and still refuses so to do, and this plaintiff has never been repaid said money or interest or any of it. Wherefore plaintiff prays judgment that defendant forthwith draw and deliver to plaintiff his official warrant upon the Treasurer of Fillmore County for said money and interest, and that plaintiff recover his costs and disbursements, and have such other and further relief as shall seem to the court equitable. There were other counts for the taxes of other years.

To this complaint the defendant demurred on the ground that it stated no cause of action against him, in that it showed that the cause of action accrued more than six years before the suit was commenced. The demurrer was overruled, and defendant appealed.

*The Attorney General* and *G. W. Rockwell,* County Attorney, for appellant.

This action is based on 1878 G. S. ch. 11, § 97, as amended by Laws 1881, ch. 10. The last proviso to the section as amended was as follows: "Provided, further, that the provisions of this section shall apply to all sales of land for taxes made prior to the passage of this Act." This gave the plaintiff the right to maintain this action. But this proviso was so amended by Laws 1891, ch. 66, that the remedy provided should not apply to tax sales that took place before the passage of the law. The statute creating this liability does not change the statute of limitations, and 1878 G. S. ch. 66, §§ 3, 6, are still in force. *McClung* v. *Capehart,* 24 Minn. 17; *P. P. Mast & Co.* v. *Easton,* 33 Minn. 161.

There is no provision in § 97, for a demand as a condition precedent to bringing an action, or as to the manner in which the demand shall be made. In *Corbin* v. *Morrow,* 46 Minn. 522, it was held that, as the action must be based on the breach by the Auditor of a duty to the plaintiff, the complaint must, of course, show that it was the Auditor's duty to issue the warrant to him. It could not be his duty, and he would have no right to issue it, without a demand.

This action was not commenced within the time limited by the statute of limitations. *Branch* v. *Dawson,* 33 Minn. 399, is not authority in this case, for the reason that the necessity of making the demand is a condition precedent to maintaining the action by a depositor against a bank, and until such demand, no cause of action arises on account of the contractual relation existing between a bank and a depositor of funds. In the case at bar the liability is created by statute, and the statute of limitations commenced to run upon the entry of the judgment declaring the tax sale to be void. *Litchfield* v. *McDonald,* 35 Minn. 167; *Pittsburgh & C. R.*

Co. v. Byers, 32 Pa. St. 22; Codman v. Rogers, 10 Pick. 112; Morrison's Adm'r v. Mullin, 34 Pa. St. 12; Hintrager v. Traut, 69 Iowa, 746; Atchison, T. & S. F. R. Co. v. Burlingame Tp., 36 Kan. 628; High v. Board of Com'rs, Shelby Co., 92 Ind. 587.

The law upon which the plaintiff predicates his cause of action was passed after the tax sales were made to him, which were declared void by the judgment of the District Court of Fillmore County, and by Laws 1891, ch. 66, it was expressly enacted that the remedy provided for by 1878 G. S. ch. 11, § 97, as amended by Laws 1881, ch. 10, should not apply to sales made prior to 1878. Consequently no right of action exists, because none is provided for by the statute.

*Kingsley & Shepherd,* for respondent.

The question whether or not the cause of action alleged in the complaint is barred by the statute of limitations, depends upon the other question, when did the cause of action accrue? Under 1878 G. S. ch. 11, § 97, before Easton was entitled to the refundment therein provided for, it was necessary for him to make a demand upon the County Auditor, and to furnish him with proof of plaintiff's right to a return of the money paid by him. The County Auditor had no right to issue his warrant upon a mere demand, unaccompanied by such proof.

The cause of action set up in the complaint, therefore, did not accrue until June 30, 1890, and is not barred. The appellant, recognizing the force of this, seeks to avoid it by saying that the demand should have been made within six years from the time of docketing the judgment, and claims that because the demand was not made within the six years, therefore, the claim is barred, and cites several cases in support of the proposition. The doctrine of those cases, as applied to a case like the present, has been repudiated in this court. *Branch* v. *Dawson,* 33 Minn. 399.

When a deposit is made in a bank the understanding is, and it is a part of the contract between the banker and the depositor, that a demand of the depositor in some form upon his banker for the money, is essential to the right of the depositor to bring an action to recover the money. So with the purchaser at a tax sale.

The duty is imposed upon him by law, and enters into and forms a part of the contract, to present his claim to the County Auditor and make proof of his right to a refundment, before he is entitled to the Auditor's warrant therefor.

COLLINS, J. Appeal from an order overruling a general demurrer to the complaint. The main question is whether plaintiff is entitled, under 1878 G. S. ch. 11, § 97, as amended by Laws 1881, ch. 10, to have returned to him out of the county treasury the amounts paid for certain lands at tax sales held in the years 1866, 1867, and 1868. Tax certificates were duly issued at such sales, upon which plaintiff obtained tax deeds on and prior to August 11, 1871. A judgment adjudging and decreeing these tax sales, the certificates, and the deeds null and void was duly entered November 24, 1880. Plaintiff made no demand upon the county auditor for a warrant on the county treasurer, according to the complaint, until June 30, 1890, —nearly ten years after the judgment had been declared void and set aside; therefore much more than six years had elapsed between the day on which judgment was entered against the plaintiff and the day on which demand was made on the county auditor for a warrant on the treasurer, and it is the position of counsel for defendant auditor that the cause of action was barred by the statute of limitations. 1878 G. S. ch. 66, §§ 3, 6. This depends upon when the cause of action accrued. If at the time of the entry of judgment, in 1880, the position before referred to is unassailable, and the order appealed from must be reversed. Upon the other hand, if the cause of action did not accrue until a demand was made, the statute was not set in motion until then, and the complaint stated a good cause of action. In *Corbin* v. *Morrow*, 46 Minn. 522, (49 N. W. Rep. 201,) it was held that, in order to bring himself within the provisions of the statute first above cited, it is incumbent upon one claiming a right to have the amount he had paid out returned to him out of the county treasury to show by his complaint that he has made such demand, accompanied by proper evidence of his right to make it. As the action, said the court, must be based on a breach of duty by the auditor, the complaint must show affirmatively that it was the auditor's duty to issue the warrant. Respondent's counsel rely upon this case, arguing that

the language used justifies the assertion that no cause of action accrues until demand is made.

In *Brown* v. *Brown*, 28 Minn. 501, (11 N. W. Rep. 64,) this court held that where a loan of money was made upon the condition that the debt therefor should become due and payable when demand was made, and not before, the statute of limitations began to run from the date of the demand, and not from the date of the loan. In *Branch* v. *Dawson*, 33 Minn. 399, (23 N. W. Rep. 552,) the rule was established that the right to sue a bank upon a general deposit does not accrue, nor does the statute of limitations upon it begin to run, until a demand of payment, unless such demand is in some way dispensed with. In each of these cases care was taken to place the conclusion upon the ground that it was the intention of the parties to a contract to make a request for payment a condition precedent to the liability to pay the money, and therefore, as no action would lie until the condition was performed, the statute of limitations commenced to run when demand was made, and not before. Neither of these cases is authority in respondent's behalf, for there is no resemblance between a purchaser at a tax sale and a bank depositor. The liability of a banker to his depositor grows out of contract, while in the case of a purchaser at a tax sale, where the sale has been adjudged void, the duty of the auditor to issue a warrant and the liability of the county to refund arise by virtue of the statute. The relations between the parties are not at all similar, being contractual in the one case and statutory in the other.

In *Litchfield* v. *McDonald*, 35 Minn. 167, (28 N. W. Rep. 191,) it was held that the leave to be obtained (1878 G. S. ch. 78, §§ 1–3) from a district court or judge, before bringing action upon an official bond, was no part of an aggrieved person's cause of action, and hence that the time of obtaining such leave cut no figure in the application of a statute of limitations; the statute commenced to run from the time the wrong complained of was perpetrated, and not from the time leave to sue was obtained. The cause of action, if there was one, accrued independently of and prior to the application for leave, and was the very basis on which the application rested. So it was with the demand in controversy here, and the language used in the Litchfield Case when considering the claim that the

statute of limitations commenced to run when leave to sue the bond was obtained, and not before, changing it to fit the present facts, is exactly in point. It need not be repeated. The plaintiff's right to have his money returned was complete when the judgment was entered against him, and whether he received it promptly was a matter entirely within his control. His cause of action then accrued, although his right to maintain a suit upon this cause depended upon his taking certain preliminary steps, clearly requisite for the information of the officers and the protection of the county. It would be absurd to say that one entitled to receive money out of the county treasury, upon making proof of his right, can indefinitely prolong the time within which suit may be brought by voluntarily omitting to make his proof. This proof is no part of the cause of action, but simply evidence that a cause of action exists. The following cases may be cited as analogous to the one at bar: *Hintrager* v. *Traut,* 69 Iowa, 746, (27 N. W. Rep. 807;) *Atchison, etc., Ry. Co.* v. *Burlingame Tp.,* 36 Kan. 633, (14 Pac. Rep. 271;) *High* v. *Commissioners,* 92 Ind. 587; *Codman* v. *Rogers,* 10 Pick. 112.

The statute of limitations commenced to run against plaintiff's claim upon the county on the day judgment was entered against him.

Order reversed.

VANDERBURGH, J., absent, did not sit.

(Opinion published 55 N. W. Rep. 128.)