MARGARET COLES v. CITY OF STILLWATER.[1]

February 6, 1896.

Nos. 9766—(308).

Eminent Domain—Compensation—Proof of Ownership—Compliance with Charter.

The charter of the defendant, relating to the condemnation of land for public purposes, provides that before payment of the award to the landowner he shall furnish an abstract of title showing his right thereto, and on his failure so to do the city council shall pay the award to the city treasurer for the owner, or, in case the city attorney shall certify that the title is doubtful, the award shall be paid to the clerk of the district court for such persons as show themselves entitled to it. *Held*, that these provisions are valid, and

[1] Reported in 66 N. W. 138.

that, in an action against the defendant to recover the amount of the award, the complaint does not state a cause of action if it fails to show a compliance with them on the part of the plaintiff, or any reason for not so doing.

Appeal by plaintiff from an order of the district court for Washington county, Williston, J., sustaining a demurrer to the complaint. Affirmed.

*J. N. Searles*, for appellant.

*H. H. Gillen*, for respondent.

START, C. J. This is an appeal by the plaintiff from an order sustaining a demurrer to her complaint.

The action is for the recovery from the city of Stillwater of the amount of two awards made for the taking by it, under condemnation proceedings, of certain land for a public street, which the plaintiff claims to own. The complaint alleged that the plaintiff was the owner of the land, the condemnation proceedings, the amount of the awards, the taking possession of the land by the city, a demand for payment of the awards to her, and the refusal of the city to pay them. But the complaint did not allege that she had ever furnished to the city an abstract of title to the land, showing herself entitled to the awards, as required by the provisions of the charter of the city, or allege any reason why she had not complied therewith, or that the city had not complied with the provisions of the charter on its part as to the awards. The trial court sustained the demurrer because of such omissions in the allegations of the complaint. The decision was correct.

The provisions of the charter of the city referred to, so far as here material, are as follows:

"Before payment of such award, the owner of such property, or the claimant of the award, shall furnish an abstract of the title showing himself entitled to all of the compensation and damages claimed. In case of neglect to furnish such abstract, or if there shall be any doubt as to who is entitled to such compensation or damages, or any part of the same, the amount so awarded shall be by the city council appropriated and set apart in the city treasury for whoever shall be entitled thereto, and be paid over whenever any person shall show clear right to receive the same. * * * This section shall apply to all cases of appropriation of private property for public use provided for in this chapter." Sp. Laws 1881, c. 92, subc. 10, § 5.

"Whenever, after the examination of the abstracts of title of any land or real estate taken, injured or appropriated, * * * the city

attorney of said city shall certify to the city council that he is unable for any reason, to determine who is the owner of such land or real estate, and entitled to receive such compensation or damages, said city council shall thereupon cause such compensation * * * to be paid over to the clerk of the district court of Washington county, for the benefit of such persons as may show themselves entitled thereto." Sp. Laws 1887, c. 6, § 41 (sec. 27).

"The city council shall thereupon cause to be paid to the owner of such property or to his agent, the amount of damages over and above all benefits which may have been awarded therefor, as soon as a sufficient amount of the assessment shall have been collected for that purpose or other funds are available therefor; but the claimant shall in all cases furnish an abstract of title, showing himself entitled to such damages, before the same shall be paid." Sp. Laws 1891, c. 50, § 2 (sec. 6a).

It is urged in behalf of the plaintiff that these provisions are unreasonable, if they are to be construed as barring, unless complied with, the right of the owner of the land to bring an action for the compensation awarded for the taking of his land for public purposes; that, if such a construction be given to these charter provisions, they are unconstitutional, in that they deprive the landowner of that certain remedy in the laws for all injuries or wrongs which he may receive in his person, property, or character as guarantied by our bill of rights. Const. art. 1, § 8. The provisions of the charter, which in effect require that any person claiming the award shall furnish an abstract of his title to the property taken, to the end that the city officers charged with that duty may intelligently investigate and determine his right to the award, and, in case of doubt as to the title, further require that the city council shall appropriate and pay over to the city treasurer or clerk of the district court the amount of the award for the owners of the land, are not only reasonable, but are necessary for the protection both of the city and such owners. After the amount of the award is so appropriated and paid over, the custodian thereof holds the fund in trust for such owners. The plaintiff's right to take appropriate proceedings, to which the custodian and all other claimants, if any there be, are parties, to have the fund paid to her, is not impaired by these provisions. Upon the failure of plaintiff to furnish the abstract showing herself entitled to the award, or on the certificate of the city attorney that he was unable to determine who was the owner of the land, it was the duty of the council to pay over the amount

of the award to such custodian.   And to permit the plaintiff to re-
cover in this action from the city an amount equal to the award,
without showing a compliance on her part with the charter, or a
failure on the part of the city so to pay over to the custodian such
fund, might result in the city having to pay for the land twice.   A
judgment in favor of the plaintiff in this action would not be a bar
to proceedings by other claimants against the custodian to have the
fund paid to them.   The provisions of the defendant's charter here
in question are reasonable, of practical value, and valid; and the
complaint, failing to show either a compliance therewith by the
plaintiff or any reason for not so doing, does not state a cause of
action.

Order affirmed..