STILLWATER & ST. PAUL RAILROAD COMPANY v. CITY OF STILLWATER.[1]

November 9, 1896.

Nos. 10,003—(23).

**Condemnation Proceedings—Action for Damages Awarded—Limitation.**

The charter of the defendant provides that where land is taken by the city for public purposes by condemnation proceedings, if the owner thereof fails to furnish an abstract of title showing himself to be entitled to the damages awarded, the amount thereof shall be appropriated and set apart in the city treasury for the party showing himself entitled thereto. Land belonging to the plaintiff was so taken, and the money awarded for its damages so appropriated and set apart, and more than 12 years thereafter the plaintiff, for the first time, furnished such abstract, and, upon a refusal of its demand for the payment of the money, brought this action. *Held*, that the action is not one to enforce a trust, within the meaning of G. S. 1894, § 5136, subsec. 7, and that it is barred by the statute of limitations.

Appeal by plaintiff from a judgment of the district court for Washington county in favor of defendant, entered in pursuance of the order of Williston, J. Affirmed.

*Hadley & Armstrong*, for appellant.

*H. H. Gillen* and *Davis, Kellogg & Severance*, for respondent.

START, C. J.[2] This is an appeal by the plaintiff from a judgment for the defendant, ordered on the pleadings, upon the ground that

---

[1] Reported in 68 N. W. 836.  [2] Canty, J., took no part.

the alleged causes of action in the complaint were barred by the statute of limitations.

The complaint alleged as a first cause of action that the defendant, in proceedings to lay out and open a certain public street, duly took for that purpose certain tracts of land owned by the plaintiff, and the sum of $2,300 was awarded to it as damages for such taking, which sum was on May 2, 1882, duly appropriated and set apart in the treasury of the defendant for the plaintiff. For a second cause of action, the complaint alleges that the defendant, for the purpose of laying out a certain other public street, duly took for that purpose certain other land owned by the plaintiff, and the sum of $2,093.40 was duly awarded to it as damages for such taking, which sum was on March 7, 1882, duly appropriated and set apart in the treasury of the defendant for the plaintiff. On February 12, 1895, the plaintiff, for the first time, furnished the defendant with an abstract of title showing itself to be the owner of the land so taken, and entitled to the damages so awarded, and demanded payment thereof, which was refused; and thereupon, and on May 14, 1895, this action was brought to recover of the defendant city the sums so awarded.

The only question presented by the record for our decision is: Does it appear on the face of the complaint that the alleged causes of action therein set forth are barred by the statute of limitations? We answer the question in the affirmative. The furnishing to the defendant of an abstract of title, showing that the plaintiff was the owner of the land taken, and that it was entitled to the damages for such taking, is, under the provisions of the defendant's charter, a condition precedent to the bringing of a suit for the recovery of the amount of the award. Coles v. City of Stillwater, 64 Minn. 105, 66 N. W. 138.

It is true, as claimed by counsel for plaintiff, and as was held in the case cited, that, after the money awarded to the plaintiff was appropriated and set apart in the city treasury, it was held in trust for the owner; but it does not follow from this concession that the further claim of counsel is true, which is to the effect that this action falls within the provisions of G. S. 1894, § 5136, subsec. 7, which reads thus: "Actions to enforce a trust or compel an accounting where the trustee has neglected to discharge his trust or has repudiated the trust relation or has fully performed the same."

66 M.—12

Such actions may and must be brought within six years after they accrue. This statute does not change the previous rule in equity that actions to enforce an express and continuing trust, or to compel an accounting, do not accrue until the trustee has neglected to discharge the trust, or has repudiated his trust, or has fully performed the same. It simply recognizes the equity rule, and fixes definitely the time within which such actions must be brought after they accrue. This statute, like the equity rule which it follows, applies only to express, technical, and continuing trusts, of the kind which were cognizable exclusively in a court of equity, and of which the cases of Smith v. Glover, 44 Minn. 260, 46 N. W. 406, and Donahue v. Quackenbush, 62 Minn. 132, 64 N. W. 141, relied on by the plaintiff, are examples. It has no application to cases of implied trusts and those which the law forces on a party. In such cases, of which the case at bar is an example, the statute of limitations runs from the time the act was done by which the party became chargeable as trustee by implication; that is, from the time when the cestui que trust could have enforced his right of suit. If "the statute was not permitted to operate where an implied trust exists, the exceptions would be endless, as in fact every case of deposit or bailment in a certain sense creates a trust, and the instances in which an implied trust may be raised are almost innumerable." 2 Wood, Lim. § 200; Kane v. Bloodgood, 7 Johns. Ch. 89; Harlow v. Dehon, 111 Mass. 195; Speidel v. Henrici, 120 U. S. 377, 7 Sup. Ct. 610; Hayward v. Gunn, 82 Ill. 385; Parks v. Satterthwaite, 132 Ind. 411, 32 N. E. 82; Merrill v. Town of Monticello, 66 Fed. 165.

When the amount of the award was appropriated and set apart by the defendant in this case, a present liability was then created on the part of the defendant to pay such amount at any and all times when the abstract or other proper evidence of title was presented. This abstract could have been presented by the plaintiff at any time, and a legal action brought to recover the amount of the award. If it was optional with the plaintiff when it should perform this condition precedent, it could keep its claim against the city alive for an indefinite period. It is obvious that this action is not one to enforce a trust, within the meaning of the statute cited. It is simply a legal action for the recovery of the amount of the award, and was brought more than 12 years after it was set apart for the plain-

tiff. There was not an hour during the 12 years in which the plaintiff might not have brought this action by doing just what it did do after the expiration of the 12 years; that is, present the proper abstract of title. To permit the plaintiff thus to extend indefinitely the time for bringing its action by its own voluntary omission to present the abstract would defeat the purpose and spirit of the statute of limitations.

The plaintiff's action is one either upon a contract or other obligation, express or implied, or upon a liability created by statute. It is unnecessary to decide which. While presenting to the defendant the abstract of title was a condition precedent to bringing the action, yet it was no part of the cause of action, but merely a part of or one step in the remedy. It does not delay the running of the statute of limitations. Litchfield v. McDonald, 35 Minn. 167, 28 N. W. 191; Easton v. Sorenson, 53 Minn. 309, 55 N. W. 128; State v. Norton, 59 Minn. 424, 61 N. W. 458. The distinction between the case at bar and those where, by the contract of the parties, express or implied, a demand of payment of money is made a condition precedent to the accruing of any liability to repay the money, is clearly pointed out in the case of Easton v. Sorenson, supra, and we need not here repeat it.

Judgment affirmed.