ANTHONY GANSER v. ANNA GANSER and Others.[1]

83    199
84    294

May 10, 1901.

Nos. 12,614—(80).

**Statute of Limitations.**

The statute of limitations commences to run against a cause of action from the time it accrues, or from the time when the holder thereof has the right to apply to the court for relief, and to commence proceedings to enforce his rights.

**Same—Wood v. Myrick Overruled.**

The statute of limitations commences to run against an action on a bond of an administrator from the time of the final decree of distribution. Wood v. Myrick, 16 Minn. 447 (494), on this point, is overruled.

**Leave to Sue.**

Leave to sue on an administrator's bond is no part of the cause of

[1] Reported in 86 N. W. 18.

action thereon, and delay in obtaining such leave does not affect the running of the statute.

Appeal by defendants, Joseph Ingenhutt and others, from an order of the district court for Hennepin county, Simpson, J., overruling a demurrer to the complaint. Reversed.

*J. M. Dunn* and *E. E. Witchie,* for appellants.

*Frederick L. McGhee,* for respondent.

BROWN, J.

Action to recover upon the bond of an administratrix. The facts are very short. In 1890 defendant Anna Ganser was by the probate court of Ramsey county duly appointed administratrix of the estate of her deceased husband. She duly qualified as such, and executed the bond on which this action is founded, with the other defendants as sureties. The estate was fully administered, and final account made, upon which, in the due course of law, the probate court duly made its final decree, distributing the residue of the estate, after allowance of the account of the administratrix, to the heirs of the deceased. The final decree was made in 1891, and, so far as appears, was acquiesced in by all interested parties, and the administration of the estate became then finally ended and closed. Plaintiff is one of the heirs of the deceased, and, as such, entitled to a distributive share of the estate, according to the terms of the final decree. Such share was never paid to him by the administratrix, and he brought this action against her and the sureties on her bond to recover the same. The action was commenced in June, 1900. Prior to the commencement of the action, plaintiff duly obtained leave to do so from the probate court, but the date of order granting it is not stated in the complaint. Defendants, who were sureties on such bond, interposed a general demurrer to the complaint, which was overruled by the district court, and they appealed.

The only question presented by the demurrer is, when did the statute of limitations begin to run against the cause of action set up in the complaint? It was held by this court in the case of Wood v. Myrick, 16 Minn. 447 (494), that the statute does not begin to run against such cause of action until leave to sue

thereon is obtained; and the decision was followed in Lanier v. Irvine, 24 Minn. 116. The learned court below applied the rule there laid down, and, if it is to be longer adhered to, the order appealed from must be affirmed. Counsel for appellants request that we take up and re-examine the question, and, if found inconsistent with legal principles, overrule the Myrick case. We hesitate long before overruling former decisions of the court, which have become the settled law of the state, lest in doing so we injuriously affect parties in their legal rights or remedies. When such decisions have become a rule of property, they are almost invariably followed, whether right or wrong. The security of the citizen in his constitutional rights requires this. But when the decision is wrong in principle and at variance with sound policy, and the overruling of it will work no mischief, nor interfere with vested or constitutional rights, we know of no rule which requires a continued adherence to it. That the Myrick case is wrong in principle, illogical, and inconsistent with the policy of the law on the subject of limitation statutes, is conceded on all hands. Although the case was followed in Lanier v. Irvine, 24 Minn. 116, it was discredited and branded as unsound in principle in the case of Litchfield v. McDonald, 35 Minn. 167, 28 N. W. 191, and the last prop taken from under it by the decision in that case, and again in Hantzch v. Massolt, 61 Minn. 361, 369, 63 N. W. 1069, where it was held that leave to sue on a probate bond was no part of the cause of action, but only a step in the remedy. After the rendition of those decisions the Myrick case was left quite forlorn, and wholly without the first element to sustain it.

The right of a distributee to his share of the estate of a deceased person accrues at the time of the final decree of the probate court. This was held in the Myrick case, and there can be no doubt as to the correctness of that decision in that respect. Such distributee may at once, upon the making of the final decree, demand his distributive share, and, if it be not paid to him, maintain an action to recover it. It is elementary that the statute of limitations commences to run against a cause of action from the time it accrues and becomes due and payable, or, as otherwise expressed, the cause of action or suit arises, according to the

universal rule in courts of both law and equity, "when and as soon as the party has a right to apply to the proper tribunals for relief." Wood, Lim. Act. 37. Leave to sue is essential to the right to commence and maintain an action on an administrator's bond, as also a condition precedent to the right to commence an action on a constable's or sheriff's bond; but with respect to both this court has distinctly held that obtaining such leave from the proper court is no part of the cause of action, but merely a step in the remedy. Stillwater & St. P. R. Co. v. City of Stillwater, 66 Minn. 176, 68 N. W. 836; Hantzch v. Massolt, supra. The Myrick case is squarely in conflict with these cases and the rule of law established by them, and also contrary to the spirit, policy, and purpose of the statute of limitations. An application of the rule of that case means that the person who has a cause of action upon an administrator's bond, a guardian's bond, or other probate bond, may extend almost indefinitely the time in which he may commence an action thereon by postponing his application for leave to sue, thus practically annulling the statute. This is contrary to the rule applied to all other causes of action, and there is no reason whatever for singling out probate bonds, and permitting the person entitled to sue thereon to fix his own limit of time for the commencement of his action. For these reasons, we feel justified in overruling that case, and do so. We are not apprehensive that it will work any mischief, or prejudice any who have relied upon it and delayed enforcing their rights upon some probate bond. It is not at all probable that there are many, if any, distributees or legatees who have quietly slept on their rights, and permitted an administrator or executor to retain their share of the estate after the final decree of distribution, for any considerable length of time. It is fair to assume that all such have promptly applied for whatever has been decreed them from such quarter.

Order appealed from is reversed.