WEAVER v. COLLINS.

LIMITATION OF ACTIONS—STATUTES—DEMAND—ACTIONS—TIME OF ACCRUAL—REDEMPTION—TENDER.

Under a contract of purchase of certain shares of stock to be redeemed at par on 30 days' notice, the right of action for failure to so redeem accrued when a demand in writing was made on the seller to redeem the shares, and was barred by the statute of limitations within six years of the date when the demand was made, not from the date

when plaintiff afterwards formally tendered the stock to the defendant.

Error to Ingham; Wiest, J.   Submitted June 16, 1913.   (Docket No. 118.)   Decided October 2, 1914.

Assumpsit by Emily C. Weaver against George A. Collins for breach of a contract in writing.   Judgment for defendant on a verdict directed by the court. Plaintiff brings error.   Affirmed.

*McArthur & Dunnebacke,* for appellant.

*C. F. & E. T. Hammond,* for appellee.

BIRD, J.   On December 7, 1904, plaintiff purchased from defendant 100 shares of the stock of the Lansing Veneered Door Company, paying therefor $1,000.   These shares were evidenced by two certificates of 50 shares each.   With this purchase she received the following agreement from the defendant:

"ANN ARBOR, MICH.. 12/7, 1904.
"I herewith agree to redeem on thirty days' notice from Emily C. Weaver, of Ann Arbor, Michigan, the preferred stock owned and held by her in the Lansing Veneered Door Company, of Lansing, Michigan, said stock being certificates number two hundred thirty-two and two hundred thirty-three; said stock to be redeemed at par.
"G. A. COLLINS."

On March 16, 1905, she addressed the following letter to the defendant:

"ANN ARBOR, March 16, 1905.
"MR. G. A. COLLINS.
"*Dear Sir:*
"When I purchased the stock of your company, you gave me a contract by which it was agreed to redeem the certificates on thirty days' notice from me.   I accordingly write this to say that I wish the stock redeemed as per agreement at par.   Expecting a draft

for the amount, $1,000, by April 16th, one month from today, I remain,

"Yours truly,
"EMILY C. WEAVER."

Later, and on April 5, 1905, she addressed a second letter to him, reading as follows:

"ANN ARBOR, April 3, 1905.
"MR. G. A. COLLINS.
"*Dear Sir:*
"In accordance with your contract dated December 7, 1904, I hereby notify you to redeem the preferred stock owned and held by me in the Lansing Veneered Door Company, of Lansing, Michigan, by certificates numbered 232 and 233, at the expiration of thirty days from the date hereof.

"Yours truly,
"EMILY C. WEAVER."

Defendant received both letters, but made no reply to either. No further action was taken by the plaintiff until December 5, 1910, when her counsel, armed with a power of attorney from her, tendered the two certificates, properly indorsed, to defendant and demanded the return of the $1,000. The defendant refused to make good his promise, and this suit followed on May 9, 1911, to recover a judgment for the amount paid for the shares. Defendant pleaded the general issue and gave notice of the defense of the statute of limitations. At the close of the proofs, both parties requested a directed verdict. The trial court was of the opinion that the statute of limitations was a good defense, and therefore directed a verdict for the defendant. The action of the trial court in so doing is assigned as error by the plaintiff in this court.

The assignments of error give rise to but one question: When did plaintiff's cause of action accrue? Defendant contends that 30 days after the letters of March and April, 1905, were written by plaintiff her

cause of action accrued, while the plaintiff insists that it did not accrue till the demand was made and the certificates were tendered, on December 5, 1910, for the reason that not only a demand, but a tender of the certificates, was necessary to create the cause of action. It is obvious that if defendant's contention is sound, plaintiff's claim was barred by the statute. 3 Comp. Laws, § 9728 (5 How. Stat. [2d Ed.] § 14135). The dealings of the parties were such that a cause of action might accrue or might never accrue to the plaintiff. If she were content with her purchase, no cause of action would ever have arisen. The needful thing to create a cause of action in her behalf was, not only an election upon her part to have her money returned to her, but notice to defendant of such election. This she did in the most positive terms in her letters of March and April, 1905. After she gave such notice as her contract called for, it raised some obligation on the part of the defendant, and what was it if not an obligation to pay her the $1,000, and receive his certificates? But, it is argued that a tender of the shares must accompany the demand in order to make it effective. The contract does not so provide. It calls for notice and is silent as to tender, and therefore we are led to the conclusion that the essential act which gave the right of action sprang from this notice, and that the question of tender was simply one that was incidental to her remedy. Suppose defendant had tendered plaintiff $1,000 in response to her March and April letters, and she had refused to accept it and deliver the shares, is there any serious doubt that defendant could have recovered them in replevin or their value in trover? And upon the trial of either could she have successfully defended on the ground that she had made no tender of the shares? And could he have recovered in either action if her "cause of action" had never accrued? The answers

to these inquiries are helpful in reaching the conclusion that defendant's contention is the proper one.

We are persuaded that the case falls within that rule which states that:

"Where, although the cause of action itself has accrued, some preliminary step is required before a resort can be had to the remedy, the condition referring merely to the remedy and not to the right, the cause will be barred if not brought within the statutory period; therefore the preliminary step must be taken within that period." 25 Cyc. p. 1199.

See, also, *First Nat. Bank* v. *Greene*, 64 Iowa, 445 (17 N. W. 86, 20 N. W. 754) ; *Stillwater, etc., R. Co.* v. *City of Stillwater*, 66 Minn. 176 (68 N. W. 836) ; *Baker* v. *Johnson County*, 33 Iowa, 151; *Schriber* v. *Town of Richmond*, 73 Wis. 5 (40 N. W. 644).

Appellant seeks to distinguish these cases from the one under consideration, but we think they are in point. The last case cited is a good illustration of the application of the rule. The question involved in that case was whether the statute had run against a certain town order issued in March, 1880. The statute required the order to be presented to the town board for audit before payment. This was not done, but was presented to the treasurer for payment in November, 1886. On the question as to whether the statute commenced to run from the date of issue or demand it was said:

"The question here is, Did the cause of action accrue on the orders in suit when they were issued in 1880 and 1881, or not until payment thereof was actually demanded, November 13, 1886? We think this question is answered by the judgments of this court in *Baxter* v. *State*, 17 Wis. 588, and *Curran* v. *Witter*, 68 Wis. 16 (31 N. W. 705 [60 Am. Rep. 827]). In the first of these cases it was argued that, because the statute required a party to present his claim to the legislature before bringing a suit thereon against the State, the cause of action does not accrue, and hence the statute of limitations does not commence

to run until the claim is so presented. This court negatived that proposition, and held that the cause of action accrues when a debt exists which the State owes and ought to pay, without regard to the time when the claim was so presented. Mr. Justice Paine, delivering the opinion of the court, said that this provision of the statute did not constitute 'any element of the cause of action within the scope and object of the statute of limitation. It was a mere condition to the bringing of a suit imposed by law for the protection of the State from unnecessary costs. If a debt existed, it existed entirely independent of such presentation of the claim. It existed as soon as a claim accrued which the State owed and ought to pay. And then it was that the cause of action accrued. True, the party had to present his claim before bringing his suit, but such presentation partook of the nature of the remedy. It was a preliminary proceeding, required of him in order to avail himself of the remedy.' "

The judgment of the trial court is affirmed.

McALVAY, C. J., and BROOKE, KUHN, STONE, OS-TRANDER, MOORE, and STEERE, JJ., concurred.