RUBY J. WESTON v. GEORGE HERBERT JONES.[1]

June 20, 1924.

No. 23,979.

**Limitation of action to recover money paid under erroneous decree of court.**

Money belonging to the person represented by the respondent was paid to the appellant in compliance with the decree of a court of competent jurisdiction entered under a mistake of fact. More than six years after the money was paid, this action was brought for its recovery. The statute of limitations was pleaded as a bar. *Held*:

(1) That the statute begins to run when the cause of action accrues and the courts have no power to extend or modify the periods of limitation provided therein. When once it begins to run, it will not cease to do so by reason of any event not within the saving of the statute.

(2) In the absence of fraudulent concealment, the running of the statute is not prevented, although the party having a right of action was ignorant of its existence.

(3) It is not the policy of the law to permit a party to postpone the operation of the statute indefinitely by failing to do an act within his power which is necessary to perfect his remedy. Where a condition precedent to bringing suit is not a part of the cause of action, but merely a step in the remedy, the preliminary step should be taken within the period fixed by the statute for the commencement of the action.

(4) The erroneous decree under which the money was paid prevented respondent's assignor from availing himself of his remedy for the recovery of the money, but the vacation of the decree was merely a condition precedent to the exercise of the right of action and not a part of the cause of action, and did not delay the running of the statute.

Action in the district court for St. Louis county to recover $6,439.72. The case was tried before Magney, J., who made findings and ordered judgment in favor of plaintiff. From an order

[1]Reported in 199 N. W. 431.

denying his motion for a new trial, defendant appealed. Reversed.

*George H. Spear* and *James E. Gardner*, for appellant.

*McClearn & Gilbertson*, for respondent.

LEES, C.

· The will of John Coffin Jones, a resident of Massachusetts who died December 25, 1861, was proved and allowed in the probate court of Norfolk county in that state on June 11, 1862. The testator bequeathed his residuary estate to a trustee, directing him to pay the income therefrom to Manuela Jones for life and at her death to pay to each of the testator's six children "when and as they shall arrive at full age, his or her share thereof or their heirs, respectively." Manuela Jones was the testator's widow. She lived until June 5, 1900. Charles C. Jones, a son of the testator, was in the Philipine Islands when his mother died and did not learn of her death for many years. Under his father's will, his share of the trust fund amounted to $12,751.94. Pursuant to an order of the probate court dated December 19, 1900, the trustees then acting deposited this sum in the Dedham Institution for Savings, in the name of the probate judge.

On January 18, 1901, appellant and his brother Carlos presented a petition to the probate court, representing that Charles C. Jones had married at Duluth in the year 1871 and that the petitioners were the only issue of the marriage, that their father had died intestate prior to January 1, 1894, somewhere in Australia, and that the petitioners were his sole legal heirs—their mother having obtained a divorce—and were entitled to the money deposited in the Dedham Institution for Savings, and the court was asked to transfer the deposit to the petitioners in equal shares. On June 19, 1901, a decree was entered granting the prayer of the petition, and the money was paid over on June 30, 1901.

Prior to the entry of the decree, notice that the petition would be heard at a time and place stated was published for three successive weeks in a Boston newspaper and in a newspaper published at Sydney, New South Wales, and the notice was posted in Sydney.

Jones returned to the United States in the year 1913 and filed a petition in the probate court for the vacation of the decree of June 19, 1901. The petition was denied and he appealed to the supreme judicial court. On April 11, 1916, that court reversed the decree of the probate court and directed that a decree be entered establishing the petitioner's right to the fund drawn from the Dedham Institution for Savings. Jones v. Jones, 223 Mass. 540, 112 N. E. 224. A decree was entered in the appellate court on May 25, 1916. It recites that the decree of the probate court was based on an erroneous finding of fact, that the error should be corrected and the right of Charles C. Jones to the deposit established as against appellant and his brother.

On May 27, 1918, Jones entered into a contract with the respondent, transferring to her in trust, with all his other property, his share of the trust fund under his father's will. As such trustee, respondent brought this action to recover the amount appellant had received on June 30, 1901. The action was commenced less than six years after the date of the entry of the final decree in the supreme judicial court. Appellant pleaded the six year statute of limitations of this state as a bar. He also pleaded that the trust agreement was contrary to public policy and void under a certain statute of Massachusetts.

Jones has since died. His wife by a second marriage survived. She is insane. She and his two sons by his first marriage are his legal heirs.

The trial court found in respondent's favor, ordered judgment against appellant for $6,439.72 with interest since 1901, and denied his motion for amended findings or for a new trial, and this appeal followed.

It is familiar law that no court has jurisdiction of the administration of the estate of a living person, even though he has disappeared and has not been heard of for more than seven years. Dunnell, Prob. Law § 616; Fridley v. Farmers & M. Sav. Bank, 136 Minn. 333, 337, 162 N. W. 454, L. R. A. 1917E, 544; Scott v. McNeal, 154 U. S. 34, 14 Sup. Ct. 1108, 38 L. ed. 896; Jochumsen v. Suffolk Sav. Bank, 3 Allen (Mass.) 87. But it has been held that, in

the exercise of its jurisdiction over property within the state, the legislature may provide that, after the absence of the owner, unheard of for a specified period, such property may be administered upon in the same form of proceeding as is provided for administration upon the property of a deceased person, and such administration will be valid as against the absentee, although in fact he is not dead. Cunnius v. Reading School District 198 U. S. 458, 25 Sup. Ct. 721, 49 L. ed. 1125, 3 Ann. Cas. 1121.

The probate court of Norfolk county had jurisdiction over the estate of John Coffin Jones and authority to distribute the trust fund. In directing how distribution should be made, it was necessary to determine who had a right to share in the fund. The decree of June 19, 1901, was in the nature of a decree of distribution made in the course of a proceeding in rem. The court erred in finding that Jones had died in the lifetime of his mother and that appellant and his brother were the persons legally entitled to their father's share of the fund. The decree was erroneous, was subject to correction, but was not void ab initio. This in effect was the holding of the supreme judicial court as we read its opinion in Jones v. Jones.

We have then a case where the money of one person has been paid to another in compliance with the decree of a court of competent jurisdiction, entered under a mistake of fact. More than six years after the money was paid, the representative of the person to whom it belonged sues to recover it from the person to whom it was paid. Under such circumstances is the statute of limitations a bar to the action?

Respondent contends that the statute did not begin to run until the decree of the probate court was reversed on May 25, 1916, because, as long as it stood, it presented an insurmountable obstacle to the prosecution of an action in the courts of this state for the recovery of the money.

It is a fundamental principle that remedies are governed by the law of the forum, and this principle is controlling in all matters relating to the statute of limitations. 1 Dunnell, Minn. Dig. § 1546; Bond v. Pennsylvania R. Co. 124 Minn. 195, 144 N. W. 942.

The statute begins to run when the cause of action accrues and the courts have no power to extend or modify periods of limitation provided therein. Humphrey v. Carpenter, 39 Minn. 115, 39 N. W. 67; 17 R. C. L. p. 687. When once it begins to run, it will not cease to do so by reason of any event not within the saving of the statute. I Wood, Lim. p. 12.

The circumstances which will suspend the running of our statute are enumerated in section 7710, G. S. 1913. They do not embrace a case such as we have here. Section 7701, subdivision 6, provides that, where relief is sought on the ground of fraud, the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud; there is no such provision covering cases where a person has been deprived of his property as the result of a mistake of fact.

Jones was ignorant of the fact that the decree of the probate court had been entered and that his sons had received his share of the trust fund by virtue thereof. But, where the statute is silent as to the effect of ignorance of the existence of a cause of action, in the absence of fraudulent concealment the running of the statute is not prevented. O. P. Mast & Co. v. Easton, 33 Minn. 161, 22 N. W. 253; 2 Wood, Lim. p. 1408.

It is not the policy of the law to permit a party to postpone the operation of the statute indefinitely by failing to do an act within his power which is necessary to perfect his remedy. Litchfield v. McDonald, 35 Minn. 167, 28 N. W. 191; Easton v. Sorenson, 53 Minn. 309, 55 N. W. 128; State v. Norton, 59 Minn. 424, 61 N. W. 458; Stillwater & St. P. R. Co. v. City of Stillwater, 66 Minn. 176, 68 N. W. 836; Fallon v. Fallon, 110 Minn. 213, 124 N. W. 994, 32 L. R. A. (N. S.) 486, 136 Am. St. 464. In Swing v. Barnard-Cope Mnfg. Co. 115 Minn. 47, 131 N. W. 855, Mr. Justice Bunn said:

"The time within which an action must be commenced begins to run when the cause of action accrues. It does not necessarily follow that the right to sue on the cause of action arises immediately when the cause of action accrues. It may be necessary to obtain leave of court, to make a demand, or to give a notice before suit can

be brought on the cause of action; but where such a condition precedent is not a part of the right or cause of action, but merely a part of or one step in the remedy, it does not delay the running of the statute.  *  *  *  The test is whether the performance of the condition is a part of the cause of action, or merely a part of or step in the remedy."

Where the condition precedent to bringing suit is not a part of the cause of action, but merely a step in the remedy, there is no sensible reason why the conditions should not be performed within the statutory period for bringing action. Litchfield v. Mc-Donald, supra. In analogy to the period fixed by the statute for the commencement of the action, the time within which the preliminary step must be taken should be similarly limited. State v. Probate Court of Ramsey County, 40 Minn. 296, 41 N. W. 1033.

If Jones had been in Massachusetts when the decree of the probate court was entered, it could not be urged with any show of reason that he might wait 12 years before taking the preliminary steps to make his remedy available and that in the meantime the running of the statute was suspended. His cause of action arose when his sons received the money which rightfully belonged to him. The decree stood as a barrier between him and the remedy the law provided. He might have applied to have it set aside the day after it was entered. The fact that he was in the far east and did not learn of his mother's death for many years is the sole excuse set forth in the court's findings for his failure to move between 1901 and 1913. We hold that the running of the statute was not suspended for that reason and that respondent's cause of action is barred.

We have not overlooked the statement in the opinion in Jones v. Jones that it was contended that Charles C. Jones was guilty of laches and that the single justice who heard his petition found that due diligence had been used in bringing the petition after Jones learned of the decree. But, in the same connection, the court said that the evidence had not been reported and hence the appellate court could not say that the conclusion of the justice who heard the

petition was wrong. The statute of limitations and its effect upon the cause of action sought to be enforced in the present suit was not determined by the Massachusetts courts. Giving to the judgment of the supreme judicial court full faith and credit, it does not operate to deprive appellant of the defense interposed in this action. This is not a suit upon the judgment. It is rather one for the recovery of money had and received. The judgment of the Massachusetts court is in evidence. It is concluisve as to the fact of its rendition and of the legal consequences resulting from that fact, Pabst Brewing Co. v. Jensen, 68 Minn. 293, 71 N. W. 384, but it is not conclusive as to the effect of the statute of limitations and that is the vital issue in the present action.

The order denying a new trial is reversed and the case is remanded, with directions to amend the conclusions of law in accordance herewith, directing the entry of judgment for a dismissal of the action on the merits.