30 273
46 524
30 273
59 429

---

RICHARD FLEMING *vs.* E. K. ROVERUD.

March 8, 1883.

**Void Tax Sale—Refunding of Purchase-Money.**—The provisions of Gen. St. (1866,) c. 11, § 155, for the return of his purchase-money to a purchaser, applied as well to a purchase of lands forfeited to the state, as to a purchase at the tax sale, and to a case where the sale or forfeiture was declared void by judgment of court in any form of action.

**Same—Subsequent Legislation.**—The right of a purchaser to a return of his money upon a purchase when that section was in force, could not be affected by a statute passed subsequent to the purchase.

Appeal by plaintiff from an order of the district court for Houston county, *Farmer*, J., presiding, sustaining a demurrer to the complaint.

v.30—18

*W. H. Harries,* for appellant.

*James O'Brien,* for respondent.

GILFILLAN, C. J.   It appears from the complaint and the exhibits attached that in January, 1874, the plaintiff paid into the treasury of Houston county, of which defendant is auditor, $110 for the purchase of certain lands in that county, claimed to have become, prior to that time, forfeited to the state under Gen. St. (1866,) c. 11, at a tax sale, and to have become the absolute property of the state, and subject to sale on the direction of the state auditor, who had directed them to be sold at private sale; and that thereupon the then auditor of the county executed to the plaintiff a deed therefor, pursuant to the statute.   That in October, 1881, in an action in ejectment brought against this plaintiff in the district court of the county, the deed was adjudged void, on the ground, as stated in the judgment, "that the officer executing said deed was not warranted in selling said lands; that said lands had not been duly forfeited to the state; and that the description of said lands prior to the making of said tax deed, as appears in the records of said county, are irregular and insufficient."   That since said judgment plaintiff has made to defendant, as county auditor, due proof thereof, and demanded of him to draw his order upon the county treasurer for the payment to plaintiff of the money so paid by him into the treasury, which defendant refused to do.   The complaint demands that defendant be required to draw said order, and that plaintiff have judgment for the amount, etc., to be cancelled on defendant drawing and delivering the order.   To the complaint was a demurrer—*First,* for want of jurisdiction; *second,* for defect of parties defendant, in that the county commissioners should have been joine l; *third,* that the facts stated are not sufficient to constitute a cause of action.   The appeal is taken from an order sustaining the demurrer.

There is nothing in the first two grounds of demurrer, and they are not urged here.   The proceeding, though by action, is in the nature, so far as the plaintiff can have any relief in it, of *mandamus* to compel defendant to draw his order, to which the county commissioners would not be made parties.   In support of the third ground of demurrer, the defendant makes, in substance, these general propositions:   *First,* that the statute on which plaintiff relies applied only

to tax sales, and had no application to sales of land forfeited to the state; *second*, that the judgment of a court adjudging the sale void must be rendered in an action to test the validity of the sale, such as the statute gave.

The statute under which the right of plaintiff to a return of his money exists, if it exists at all, is Gen. St. (1866,) c. 11, § 155, which section was in force when he paid the money and received the deed. The section read: "When a sale of any lands, as provided in this chapter, is declared void by judgment of court, or when any such sale is void by reason of the taxes having been regularly paid prior thereto, the money paid by the purchaser at such void sale shall be refunded to him out of the county treasury, on the order of the county auditor; and so much of said tax as has been paid into the state treasury shall be charged to it by the county auditor, and deducted from the next money due the state on account of taxes."

This applied to all sales "as provided in this chapter." Sections 137 and 138 provided for the sale, "at public or private sale," of lands forfeited to the state at a tax sale, after the title thereto had become absolute in the state by failure to redeem. There was no clause in the chapter which indicated that such a sale was excepted from the general language employed in section 155, and there is no reason apparent to us why it should have been. The provision was inserted not only as a matter of justice to purchasers at the sales provided in the chapter, but to encourage persons to become purchasers, so that the money should promptly come into the public treasury—a consideration which applied as forcibly to sales of forfeited lands as to tax sales proper.

The court below, in its memorandum, (made a part of the record,) appears to have so construed section 155, but based its decision upon Laws 1881, c. 10, § 19, which it construed as limiting the right to a return of the purchase-money to the case of a tax sale proper. The case, however, must be governed by the law in force at the time of plaintiff's purchase—section 155. That was the law of his contract, and entered into and was a part of it. By that law it was a condition of his purchase that if the sale should be declared void by judgment of court, he should be entitled to a return of the purchase-money. It is unnecessary to say that a subsequent statute, assuming to take away,

obstructing, or incumbering this right, would be a law impairing the obligation of the contract and void.　The act of 1881 had, therefore, no effect on plaintiff's right.

The statute upon which the second point in favor of the demurrer is made here is Gen. St. (1866,) *c.* 11, § 154, as amended by Laws 1869, *c.* 23.　That statute limited the time within which any person interested might bring an action to test the validity of a tax sale or forfeiture to three years from the time of the *sale or forfeiture;* and it is insisted that it is the judgment in such an action only that section 155 refers to.　The language of section 154, as amended, suggests the conclusion that the limitation applies, not to any action by a purchaser at a tax or forfeited sale, but only to one brought by a person whose interest is or may be affected by the sale or forfeiture; that is, the owner of some estate or interest in the land at the time of the sale or forfeiture, or his successor in interest.　If that be the correct interpretation, and if respondent's proposition be correct, this result would follow: that in all cases the right of a purchaser to a return of his money from the county would depend, not on anything that could be done by him, or by the state or county, but on the commencement of an action within three years by some third person. But we should do violence to the language of section 155 by holding that it referred exclusively to a judgment in an action commenced under section 154.　That language was, "when a sale of any lands, as provided in this chapter, is declared void by judgment of court," without any reference to any form of action in which the judgment might be rendered.　The right of the purchaser to the land would be as effectually determined by a judgment against him in an action brought by himself or by one claiming adversely to the sale or forfeiture, either in ejectment, or under the statute to determine adverse claims, or an equitable action, where one could be brought, as by the judgment in an action under section 154.　It being clear that the purpose of section 155 was to do justice to purchasers whose titles should fail, and to encourage persons to purchase, it is impossible, upon the language used, to confine the right of the purchaser within the narrow limits claimed by respondent.

Order reversed.