STATE *ex rel.* TEUNIS S. SLINGERLAND *vs.* GEORGE A. NORTON, County Auditor.

Argued Nov. 27, 1894. Reversed Dec. 14, 1894.

No. 9096.

**Limitation of actions.**

Where there is a condition precedent to the accruing of a cause of action, and it is in the power of the plaintiff to perform that condition, the statute of limitations, by analogy, applies, and will commence to run as soon as the proper time to perform the condition arrives, and when performance is thereby barred it will prevent the cause of action from ever accruing.

**Same—For refundment of money paid at void tax sale.**

The purchaser at a tax sale was entitled, under 1866 G. S. ch. 11, § 155, to refundment when such sale was "declared void by a judgment of court." The action in which such judgment was rendered was commenced twenty three years after such sale. *Held,* the holder of the tax title could have performed this condition precedent by bringing such an action himself, and his right to refundment was barred; that the limitation to be applied by analogy to the performance of this condition precedent is not

the six-year limitation, which would be applied to the cause of action for refundment when it accrues, but the fifteen-year limitation, which applies. to actions for the recovery of the possession of real estate; and, if such, tax sale is not declared void by a judgment in an action commenced within fifteen years after the time to redeem from such sale expires, the right to refundment is barred, whether the real estate is held adversely by either party, or is vacant during such fifteen years.

Appeal by defendant, George A. Norton, county auditor of Dodge county, from a judgment of the District Court of that County, *Thomas S. Buckham*, J., entered September 6, 1894, in a proceeding by *mandamus* against him.

Taxes were levied upon lots seven, eight, eleven and twelve in section nineteen, T. 105, R. 17, in Dodge county for the year 1857, $7.20; for 1860, $5.14; for 1861, $4.96; for 1862, $7.65; for 1863, $7.20; for 1864, $33.29; for 1865, $36.44; for 1866, $7.00; for 1867, $8.90; and for 1869, $8.41, and all became tax liens thereon and have never been paid by the owner of the land. On July 23, 1864, Teunis S. Slingerland, relator, paid into the county treasury $40.18, the sum. of the taxes then due with interest and penalties and received a. tax deed of the land. On June 5, 1865, at a sale of lands for taxes. of 1864 he bid in the land and paid the further sum of $33.39 and afterwards received another tax deed thereof. On June 4, 1866, at a sale of land for taxes of 1865, he bid in the land and paid the further sum of $36.54 and afterwards received another tax deed. thereof. On June 3, 1867, at a sale of land for taxes of 1866, John. H. Wetsel bid in the land and paid therefor $7.20 and afterwards received a tax deed thereof. On June 1, 1868, at a sale of land for taxes of 1867, Wetsel again bid in the land and paid therefor $9.05 and afterwards received a tax deed thereof. The taxes for the year 1868 were paid. On June 6, 1870, at a sale of lands for taxes of 1869,. Teunis S. Slingerland, the relator, bid in the land and paid therefor the further sum of $8.56 and afterwards received another tax deed thereof. Wetsel afterwards sold, assigned and conveyed to Slingerland all his title and rights to the land and all his claims in the premises. All these several tax deeds were recorded, but were void on their face and conveyed no title. The relator never was in possession of the land. Robert Taylor held the legal title to the land and was in possession thereof. On July 17, 1893, he commenced an.

action under 1878 G. S. ch. 75, § 2, against Slingerland to quiet his title and determine adverse claims, and obtained judgment January 9, 1894, that all of Slingerland's tax deeds, titles and claims are invalid and that Slingerland has no title to, interest in or lien upon the land or any part or portion thereof.

Teunis S. Slingerland afterwards on January 18, 1894, made application to George A. Norton, county auditor of Dodge county for an order on the county treasury for the aggregate amount of the taxes so paid with interest at the rate of seven per cent a year. Norton refused to issue any order in the premises, claiming that Slingerland's demands were barred by the statute of limitation of actions. Slingerland then presented to the District Court his petition stating the facts above recited and asked for and obtained an alternative writ of *mandamus* commanding the auditor to issue to him the order, or show cause why he refused. The auditor made answer claiming that relator was barred by the statute of limitation of actions. The issues were tried, findings made and judgment entered September 6, 1894, that relator is not entitled to refundment of the money paid on the sale of June 5, 1865, and on prior years, but is entitled to have refunded to him out of the county treasury the money paid by him and by Wetsel, his assignor, on the four subsequent tax sales, but without interest and directing that a peremptory writ issue.

The trial court said: "Relator's first two tax sales were made before 1866 G. S. ch. 11, § 155, and after the repeal of 1851 R. S. ch. 12. At the time of these tax sales there was no statute providing for refundment. *Schoonover* v. *Galarnault*, 45 Minn. 174. Subsequent legislation has made provision for such refundment and it has been repeatedly upheld as constitutional. *State ex rel.* v. *Cronkhite*, 28 Minn. 197. But the legislation so far as it affects any sales made prior to March 3, 1881, has been repealed by Laws 1891, ch. 66, and such repeal is effectual as to sales made prior to 1866, G. S. ch. 11. *Schoonover* v. *Galarnault*, 45 Minn. 174. When the four remaining sales were made 1866 G. S. ch. 11, § 155 was in force, and gave the right to a refundment of the money paid by the purchaser at a void sale, saying nothing as to interest. This was the law of his contract, and entered into and was a part of it; and any subsequent statute assuming to take away this right would be void. *Fleming*

*v. Roverud*, 30 Minn. 273. And so, though the subsequent legislation enlarging his remedy and giving him not only his principal but interest thereon, has been repealed, he cannot be deprived of the benefit of the statute under which he purchased."

*Robert Taylor* and *Samuel Lord*, for appellant.

The liability of the land for the tax lien and of the county for refundment of the price paid at void tax sales, are liabilities created by statute, and become barred in six years under 1878 G. S. ch. 66, § 6. *County of Redwood* v. *Winona & St. P. Land Co.*, 40 Minn. 512; *Mower Co.* v. *Crane*, 51 Minn. 201; *Easton* v. *Sorenson*, 53 Minn. 309.

We are aware that the tax purchaser's right to refundment is given only when the sale is declared void by judgment of court and of the rule that the cause of action against the county for such refundment accrues when such judgment is entered. But will it be contended that there is no limit to the time within which the preliminary action must be commenced wherein is to be entered such judgment declaring the sale void? Or will it be contended that, in this class of cases, all statutory limitations upon the time of bringing such preliminary action shall be disregarded or considered as abrogated? Certainly not. If the tax purchaser could not himself institute and prosecute such preliminary action there might appear some ground for such a contention; but such is not the case. Such preliminary judgment perfecting the right of recovery may be obtained in any proper form of action, whether brought by the tax purchaser himself, or by one claiming adversely to the sale. *Fleming* v. *Roverud*, 30 Minn. 273.

The action of Taylor v. Slingerland, wherein was entered the judgment relied upon by the relator herein, was not begun until July 17, 1893, more than twenty years after he had obtained his latest deed. Every form of action, defense or counterclaim wherein such judgment declaring the tax sales void might be obtained by relator, had become barred, and since he could have no right of action against the county for refundment, without such preliminary judgment, it seems clear that his claim for such refundment was also barred and forever lost. It is no doubt true that such preliminary judgment is

essential to the tax purchaser's cause of action for refundment, but it is equally true that such judgment must be one rendered in an action or proceeding not itself barred by the statute of limitations. *Codman* v. *Rogers*, 10 Pick. 112; *Shaw* v. *Silloway*, 145 Mass. 503; *Steele's Adm'rs* v. *Steele*, 25 Pa. St. 154; *Pittsburgh & C. R. Co.* v. *Byers*, 32 Pa. St. 22; *Rhines* v. *Evans*, 66 Pa. St. 195; *Morrison's Ex'rs* v. *Mullin*, 34 Pa. St. 12; *Keithler* v. *Foster*, 22 Ohio St. 27; *High* v. *Shelby Co. Com'rs*, 92 Ind. 580; *Palmer* v. *Palmer*, 36 Mich. 487; *Atchison, T. & S. F. R. Co.* v. *Burlingame*, 36 Kan. 628; *Rork* v. *Board of Com'rs*, 46 Kan. 175; *Reid* v. *Board of Supervisors*, 128 N. Y. 364; *Easton* v. *Sorenson*, 53 Minn. 309.

The principle we are here urging is not in conflict with the decisions of this court in *Brown* v. *Brown*, 28 Minn. 501, and *Branch* v. *Dawson*, 33 Minn. 399. The distinction between those cases and one like the present is pointed out in *Easton* v. *Sorenson*, 53 Minn. 309.

*S. T. Littleton*, for respondent.

When the auditor refuses to draw his order on the county treasurer for the refundment of such taxes he may be compelled to do so by *mandamus. State ex rel.* v. *Cronkhite*, 28 Minn. 197; *Fleming* v. *Roverud*, 30 Minn. 273.

The purchaser's grantee may also be reimbursed in such case. *Easton* v. *Hayes*, 35 Minn. 418.

Notwithstanding there was no provision at the time the first two deeds were made for refunding such money, Slingerland is entitled to refundment under 1878 G. S. ch. 11, § 96, as amended by Laws 1881, ch. 10, § 19; *Schoonover* v. *Galarnault*, 45 Minn. 174.

Under this statute he can only recover seven per cent. interest as that law is declared unconstitutional so far as it increases the rate of interest. *State ex rel.* v. *Foley*, 30 Minn. 350.

The statute of limitations does not begin to run until the cause of action accrues. The right did not accrue until the judgment in *Taylor* v. *Slingerland* was entered declaring the sales void under which Slingerland obtained his tax title. 1866 G. S. ch. 11, § 155; 1878 G. S. ch. 11, § 97, as amended by Laws 1881, ch. 10, § 19. *Easton* v. *Sorenson*, 53 Minn. 309; *Arnold* v. *United States*, 9 Cranch, 104; *Miller* v. *Miller*, 7 Pick. 133; *Codman* v. *Rogers*, 10 Pick. 112.

*Rork* v. *Board of Com'rs*, 46 Kan. 175, and *Atchison, T. & S. F. R. Co.* v. *Burlingame*, 36 Kan. 628, are based expressly upon the statute in force in that state, and *Ried* v. *Board of Supervisors*, 128 N. Y. 364, is based upon the New York statute.

CANTY, J.    This is an appeal by the defendant from a judgment in a mandamus proceeding, adjudging that a writ issue ordering the respondent, as county auditor of Dodge county, to draw his order in favor of relator upon the county treasurer for a certain sum in repayment of certain sums paid the county on four tax sales which have been declared void by the judgment of the court, as provided in 1866 G. S. ch. 11, § 155.    The proper amount was paid into the county treasury, as payment in the first of these four void tax sales, June 4, 1866, and as payment in the last on June 6, 1870. Said section 155 was in force during all this time, but has since been repealed, and all subsequent legislation providing for the repayment of the sums so paid has been repealed.    But the trial court held that the provisions of said section 155 became a part of the relator's contract, and that any subsequent repeal assuming to take away his right to refundment would be unconstitutional; citing *Fleming* v. *Roverud*, 30 Minn. 273, (15 N. W. 119.)    The appellant concedes that the position of the trial court is correct in all respects, except that he should have held the claims barred by the statute of limitations, which he pleads in his return to the writ.    It was stipulated, for the purposes of the trial, that the taxes for which the void tax sales were made, were duly assessed on the land in question.    By sections 142 and 151 of said chapter 11, the lien of the state for the tax was transferred to the purchaser at the tax sale, with the right to enforce that lien against the land.    But the statute of limitations runs against the right to enforce such a lien in six years.    *County of Redwood* v. *Winona & St. P. L. Co.*, 40 Minn. 512, (42 N. W. 473;) *Mower County* v. *Crane*, 51 Minn. 201, (53 N. W. 629.)    It is contended by appellant that, by permitting the statute of limitations to bar his right to enforce this lien, the relator was guilty of laches, which should be held to bar his right to recover from the state the amount paid it.    We cannot agree with counsel.    Such a limitation on his right to refundment cannot be reasonably implied.    Nearly one-half of the six-year period

of limitation had run before the time to redeem from the tax sale expired. If the owner redeemed, there would be no occasion to enforce the lien. If the owner did not, the holder of the tax title would have only about three years left in which to ascertain that his title was defective, and proceed to enforce his tax lien. Said section 155 provides that "when a sale of any lands as provided in this chapter, is declared void by the judgment of court, * * * the money paid by the purchaser at such void sale shall be refunded to him out of the county treasury, on the order of the county auditor." It is not a condition precedent to refundment that the holder of the void tax title shall first attempt to enforce his lien for the taxes, and it cannot be held that he is guilty of laches in failing to enforce it in so short a time.

It is further contended by appellant that relator is guilty of laches in failing for so long a time to have his right to refundment determined. It was stipulated on the trial that the suit by the owner of the land against the relator herein, in which the sale was declared void by the judgment of the court, was commenced in July, 1893, being more than twenty three years after the relator paid the purchase money bid at the last void tax sale, being the last money paid which he now asks to have refunded to him. It is contended by appellant that relator is guilty of unreasonable delay in ascertaining his rights, and that his laches is a bar to this proceeding. We are of the same opinion. It is true that relator's right of action for refundment does not accrue until the judgment declaring the tax sale void is entered in the prior action, and that the statute of limitations has not run until six years after that time. *Easton* v. *Sorenson*, 53 Minn. 309, (55 N. W. 128.) But it does not necessarily follow that the relator has an unlimited time in which to have his rights determined by the entry of that judgment. He may himself commence the action which will determine those rights and result in the entry of that judgment. *Fleming* v. *Roverud*, 30 Minn. 276, (15 N. W. 119.) Where the condition precedent to bringing suit is not a part of the right or cause of action, but merely a part of, or one step in, the remedy, it does not delay the running of the statute of limitations at all. *Litchfield* v. *McDonald*, 35 Minn. 167, (28 N. W. 191.) But the entry of this judg-

ment is not merely a step in the remedy. It is a part of the right, or a condition precedent in the contract, and no cause of action accrues until the condition happens; but the happening of the condition is largely in the control of the relator. When he purchased his tax titles, there was an implied agreement that he should make some proper use of them. It was not intended that he could permit them to lie for twenty three or fifty or one hundred years without attempting to utilize them in any manner. Neither should it be held that every purchaser at a tax sale necessarily bought a law suit. If the land was vacant when the time to redeem expired, he might take and hold adverse possession, and if he did so for fifteen years thereafter he would have a good title; but if ejectment was brought against him during the fifteen years, which resulted in a judgment of ouster, it cannot be said that he was guilty of laches in not having himself brought action sooner. On the other hand, if the premises are occupied by the former owner when the time to redeem expires, and he holds adverse possession of them for fifteen years thereafter, a valid tax title is barred. · No suit thereafter brought would test the real merits of the tax title, and, if it purported to do so, it would be subject to the charge that it was fraudulent and collusive. In any event, no such suit would result in the judgment contemplated by the statute. But there can be no two or three rules of limitation or laches, to be applied according as one party or the other, or neither, is in possession. At the time of the tax sale, the land may have been vacant, or the purchaser or the former owner may have been in possession, and the possession may have changed when the time to redeem has expired; the question of possession is beyond the control of the state. If there is a rule of limitation applicable to any one or more of these cases, it should be applied equally to all of them. We are of the opinion that there is such a rule, and that it is as indicated, fifteen years after the time to redeem expires. The time to redeem expired in two years after the tax sale, so that such action in which such judgment is entered must be commenced within seventeen years after the tax sale, or the right to refundment from the state is barred. As the prior action in this case was not commenced until twenty three years after the tax sale, · the judgment must be reversed.

The principle here adopted is not a new one. It has often been held that where there is a condition precedent to the accruing of a cause of action, and it is in the power of the plaintiff to perform that condition, by analogy the statute applies, and will commence to run against the performance of the condition when the proper time to perform it arrives; and when performance is thus barred it will prevent the cause of action from ever accruing. *Codman* v. *Rogers*, 10 Pick. 112; *Pittsburg & C. R. Co.* v. *Byers*, 32 Pa. St. 22; *Palmer* v. *Palmer*, 36 Mich. 487; *Atchison, T. & S. F. R. Co.* v. *Burlingame Tp.*, 36 Kan. 628, (14 Pac. 271.) In such a case, the statute by analogy applied should not always be the one that applies to the cause of action after it accrues, but the one which naturally applies to the performance of the condition itself, which in this case is the statute which bars the action for the recovery of the possession of real property. In this case it does not appear whether one or the other party is in possession, or the land is vacant and unoccupied, and under the rules we have laid down it is immaterial. If the relator did not choose to assert his rights by taking possession when the time to redeem from the tax sale expired, he should have done so by commencing the proper action within fifteen years thereafter. By failing to do so he is guilty of laches which bars his right to recover back the taxes paid. The judgment should be reversed. So ordered.

GILFILLAN, C. J., absent, on account of sickness; took no part.

(Opinion published 61 N. W. 458.)