(73 N. W. Rep. 430.)

---

### G. WILLETT VAN NEST *vs.* SARGENT COUNTY.

Opinion filed December 2d, 1897.

**Tax Sale of Exempt Land—Liability of County.**

Under section 88 of chapter 126 of the Laws of 1897, a county is not liable for taxes paid on a tax sale which has not been adjudged void, although the land is exempt from taxation.

**Money Paid Upon Void Sale Cannot be Recovered.**

And until such sale is adjudged void the county is not liable for taxes subsequently paid by the purchaser at the tax sale to protect his title, even though the land on which such taxes were paid was exempt from taxation.

Appeal from District Court, Sargent County; *Lauder,* J.

Action by G. Willett Van Nest against Sargent County and the State of North Dakota. From an order sustaining defendants' demurrer to the complaint, plaintiff appeals. Affirmed. Petition for rehearing denied.

*Morrill & Engerud,* for appellants.

Section 88, Ch. 126, Laws 1897, is retroactive. This revenue law is borrowed from Minnesota, and this feature of the revenue law has been construed as retroactive in its effect. *State* v. *Cronkhite*, 28 Minn. 197; *Easton* v. *Hayes*, 35 Minn. 418; *Cole* v. *Washington*, 35 Minn. 124. We adopted this statute with this construction upon it. *Tyler* v. *Cass County*, 1 N. D. 369.

*E. W. Thorp*, for respondent.

Section 88, Ch. 126, Laws 1897, is not retroactive in its effect. *Tyler* v. *Cass County*, 1 N. D. 400. Potter's Dwarris on Statutes, 163-164. Independent of statute the purchaser at a void tax sale cannot recover the moneys paid. 2 Blackwell on Tax Titles, 994. *McCormick* v. *Edwards*, 6 S. W. Rep. 32. Neither can he be subrogated to whatever rights the state may have against the land. *Barber* v. *Evans*, 27 Minn. 94. One who buys at a tax sale is never a *bona fide* purchaser, and if his title fails he has no remedy against the municipality for whose benefit the land was sold. *American Investment Co.* v. *Beadle County*, 5 S. D. 410, 59 N. W. Rep. 212; *Budge* v. *Grand Forks*, 1 N. D. 319; *Powell* v. *Supervisors*, 50 N. W. Rep. 1014.

CORLISS, C. J. From an order sustaining a demurrer to four of plaintiff's thirteen causes of action, this appeal is taken. Plaintiff is seeking to recover certain sums of money paid by his assignor on tax sales, and for subsequent taxes paid in defense of his supposed tax title. He rests his right to restitution of this money upon the statute. Independently of the statute, the county would not be liable for moneys voluntarily paid to it for taxes under a mistake of law, where no taxes were due, nor could it be sued for money received by it on void tax sales. *Budge* v. *City of Grand Forks*, 1 N. D. 309, 47 N. W. Rep. 390; *Tyler* v. *Cass Co.*, 1 N. D. 369, 48 N. W. Rep. 232. The statute under which plaintiff seeks to sustain his action is § 88 of Ch. 126, of the laws of 1897. It provides as follows: "When any sale of land for taxes is adjudged to be void, the judgment shall state the reason why it is void, and in all such cases, and in cases

where, by the mistake or the wrongful act of the county treasurer or auditor, land has been sold upon which no taxes were due, and in cases where taxes have been or may be paid on lands not subject to taxation, or on lands where subsequent to payment the entry has been or may be cancelled, the money so paid and all subsequent taxes, penalties and costs which have been or which may be paid, shall be refunded, with interest at ˙seven per cent. per annum from the date of payment, to the person making such payment, his heirs or assigns," etc. It is very clear that two of the causes of action do not fall within the scope of this enactment. They merely set forth void tax sales because the land was exempt from taxation by reason of the fact that it was property of the United States. When the object of the suit is to recover money paid on a tax sale, as contradistinguished from money voluniarily paid in extinguishment of a tax, without any proceedings being instituted to enforce it, the sale must have been adjudged void, or the land must have been sold by the mistake or the wrongful act of the treasurer or auditor, and there must have been no tax due thereon. There is no pretence that the tax sales set forth in these two causes of action have ever been adjudged void. Nor can we agree with counsel for the plaintiff that the statute can in this respect be satisfied by praying for such adjudication in the very suit to recover back the money paid; the owner of the land not being a party thereto, and not requesting that any such judgment be rendered. It is only after the owner of the fee has obtained such adjudication that the right to sue accrues. As the land was exempt from taxation because owned by the United States, it is clear that in these two causes of action we do not have presented cases where land has been sold, by the mistake or wrongful act of the county treasurer or auditor, when there were no taxes due thereon. *Tyler* v. *Cass Co.*, 1 N. D. 369, 48 N. W. Rep. 232; *Iowa & Dakota Land Co.* v. *Barnes Co.*, 6 N. D. 601, 72 N. W. Rep. 1019. These observaations apply to the other causes of action, in so far as the plaintiff seeks therein to establish a liability for money paid by

his assignor on the sale of the land for taxes, which was exempt from taxation because owned by the United States. But these two causes of action contain other allegations. It is averred in each of them that, after making the attempted purchase of the land at the tax sale, the plaintiff's assignor paid certain taxes subsequently assessed againt this land, which was not subject to taxation, because it was property of the United States. It is claimed that the plaintiff has a right to recover the amount paid for such subsequent taxes, without reference to the question whether the defendant is liable for the sums paid on the tax sales. It is true that the statute contains a provision that the county shall be liable for taxes paid on lands not subject to taxation. But this provision refers to the payment of taxes by the person who is the fee owner, or who claims to be the fee owner. It does not relate to a stranger who has purchased the property at a tax sale. Whatever right he is given by the act to recover taxes subsequently paid is based upon the theory that his tax title has been annulled, and that, therefore, he ought to be reimbursed, not only as to the amount paid on the sale, but also as to all subsequent taxes paid to protect his supposed interest as tax-title purchaser. Under the statute his right to recover the sum paid on the sale does not accrue until after the sale has been adjudged void, and it follows that until such adjudication he cannot recover those incidental sums, the recovery of which is dependent on the right to sue for the amount paid for the property on the tax sale. As the plaintiff's assignor is a purchaser at tax sales, and plaintiff is seeking, as assignee of such purchaser, to compel the county to refund moneys paid on account of such sales, and for taxes subsequently assessed against the land, it follows that he cannot recover, because the sales set forth in the complaint have never been adjudged void. We fully agree with the learned District Judge that the complaint, so far as the four causes of action before us are concerned, fails to state any cause of action.

The order sustaining the demurrer is affirmed. All concur.

## ON REHEARING.

The petition for rehearing is denied. Two of the very cases cited by counsel for plaintiff to sustain their contention are against them. They claim that, although the statute provides that the right to recover shall be dependent on the fact that the tax sale has been adjudged void by some court, nevertheless the cause of action accrues before this is done. The adjudication, it is urged, may be made in the very suit brought to recover the money paid on the tax sale. Waiving the question whether mandamus is not the proper remedy in cases of this kind,—see, on this point, *State* v. *Norton*, (Minn.) 61 N. W. Rep. 458, and *Fleming* v. *Roverud*, 30 Minn. 276, 15 N. W. Rep. 119,—it is apparent that the condition precedent prescribed by the statute must be performed before the right to recover the debt exists. When the tax sale has been adjudged void, then for the first time the right to commence proceedings against the county accrues. The Supreme Court of Minnesota, in one of the cases cited by counsel for plaintiff, distinctly recognizes the soundness of this view. The court, in *State* v. *Norton*, 61 N. W. Rep. 458, said: "It is true that relator's right of action for refundment does not accrue until the judgment declaring the tax sale void is entered in the prior action." And further along in the opinion the court said: "But the entry of this judgment is not merely a step in the remedy. It is a part of the right, or a condition precedent in the contract, and no cause of action accrues until the condition happens." Nor is there anything in the Minnesota decisions warranting the statement of counsel for plaintiff that the tax purchaser may bring a suit against the county for the purpose of having his purchase adjudged void. Doubtless, such purchaser is not bound to wait for the owner of the fee to sue. As soon as he obtains a deed, he may institute ejectment, or an action to determine adverse claims to the property, and in such action have the validity of his tax title passed upon. An adverse judgment in such an action would doubtless satisfy the statute. But no court has ever held that the statute vests in the tax pur-

chaser the right to commence an action against the county to
have his own tax title adjudged void. When the statute speaks
of an adjudication affecting the tax purchaser's title, it refers to
an ordinary judgment rendered in a case to which the owner of
the fee is a party. The form of the action is unimportant, nor is
it material which party is plaintiff. But it must be an action, the
judgment in which will bind the owner of the fee, and settle
forever the fact that the tax purchaser has obtained no title to
the land. In each of the above two cases relied upon by counsel
for plaintiff, the title of the tax purchaser had been adjudged
void in an action to which the fee owner was a party. In each of
them the action had been brought by such fee owner. And in
*State* v. *Norton*, as we have already seen, the court recognized the
necessity of such a judgment in a prior action as the very founda-
tion of the proceeding against the county to recover the sum paid
on the tax sale. That this most extraordinary doctrine, that the
tax purchaser can satisfy the statute by bringing a suit against
the county to have his own tax title adjudged void, has no
support in any of the Minnesota decisions, is apparent from the
language of the court in *Fleming* v. *Roverud*, 30 Minn. 276, 15
N. W. Rep. 119. All that the court said in that case was that it
mattered not how the litigation was carried on. But the necessity of
its being a controversy between the fee owner and the tax purcha-
ser is recognized in every word of the opinion which bears on the
point. The argument of counsel for plaintiff destroys the force of
the condition in the statute, that there must first be an adjudication
that the tax sale is void, before the right to proceed against the
county arises. If the adjudication can be had in the very pro-
ceeding against the county to recover the money, without any
prior suit against the fee owner, or without his being made a
party to the suit, then it is evident that the county is liable when-
ever the tax sale is illegal, for in every such case an adjudication
that such sale is void is inevitable. If this is the adjudication
meant by the statute, why take the pains to insert this useless
condition in the law? The right to sue, on this theory, depends

on the illegality of the tax sale, and upon nothing else. In every case where the tax sale is illegal, there will necessarily be such an adjudication in the very action brought to recover the purchase money as will satisfy the statute, if the theory of counsel for plaintiff be correct. But the legislature has not given the right of action where nothing but the illegality of the tax sale exists. There must be an adjudication to that effect before the tax purchaser can take a step against the county At the time this statute was enacted, the clause, "when any such sale of land for taxes has been adjudged void," had a well-defined meaning. Tax sales were adjudged void in actions between the tax purchaser and the fee owner, and never in suits between such purchaser and the county, which can have no possible interest in the title. It was such an adjudication which was meant by the statute. If the legislature had intended any other adjudication, it would have so declared. So far from evincing any such purpose, it has shown that it intended only the adjudication then known to the law; for on the other theory, the condition that the tax title must be adjudged void is stripped of all force in the statute. The case of *Webb* v. *Bidwell*, 15 Minn. 479, (Gil. 394,) is not in point, except as to the necessity of an adjudication in a prior action. And even on that question it is not a direct authority. What the court said was obiter, as the right to enforce the tax lien was not in fact sustained in that case. And this dictum must be regarded as overruled by the later case of *State* v. *Norton*, (Minn.) 61 N. W. Rep. 458. Moreover, the statute there construed is not strictly analogous to the statute here involved, which contemplates that, before the designated county officer shall be applied to for the relief given by the statute, there shall have been a judgment against the validity of the tax sale, in a suit to which the fee owner is a party. On the question whether the owner of the fee must not be a party to the action in which the judgment is rendered, that case, so far from being an authority in favor of the plaintiff, is directly against

him, as the fee owner was a party to the suit in which it was sought to have the tax sale adjudged void, and the tax declared a lien on the land. When both kinds of relief are necessarily demanded against the same party (the fee owner,) as in cases under a statute allowing the tax purchaser to foreclose the tax lien against the owner of the land, it might perhaps be held, without great violence to reason, that both kinds of relief could be had in the same action. But when the judgment which destroys the tax title must be rendered in an action to which the owner is a party, and a judgment that the purchaser recover the sum paid on the sale is necessarily rendered in an action or proceeding against a different party (*i. e.* the county,) it seems to us a perversion of the meaning of the statute to hold that in the same action the adjudication that the tax sale is void, and a judgment for money, should be embodied in one and the same judgment rendered in the same action. Certainly this cannot be the law when no one but the county is a party to the suit. In every Minnesota case cited, court and counsel proceeded on the theory that the adjudication must be in an action to which the fee owner is a party.

(73 N. W. Rep. 1083.)