# F. W. TISDALE v. WARD COUNTY, North Dakota.

(127 N. W. 512.)

**Taxation — Void Taxes — Recovery from County.**

1. Under § 1585, Rev. Codes 1905, the fee owner of land not subject to taxation or a person claiming to be such, can recover from the county moneys paid to redeem from a tax sale, even though such tax sale has not been previously adjudged void. Van Nest v. Sargent County, 7 N. D. 139, 73 N. W. 1083, distinguished.

**Sufficiency of Complaint.**

2. Complaint examined, and *held* to state facts sufficient to constitute a cause of action.

**Practice — Abatement of Void Taxes — Application to Board of County Commissioners before Action.**

3. Respondents' contention that appellant's proper remedy was an application to the board of county commissioners for an order abating the taxes considered, and *held* untenable.

Opinion filed June 20, 1910.

Appeal from District Court of Ward county; *Honorable E. B. Goss*, J.

Action by F. W. Tisdale against Ward County, North Dakota, a corporation. From an order sustaining a demurrer to plaintiff's complaint, plaintiff appeals.

Reversed.

*F. B. Lambert,* for appellant.
*Dudley L. Nash,* for respondent.

CARMODY, J. In this case the plaintiff seeks to recover upon one cause of action, $88.81, and interest, since December 6, 1906, paid by him to redeem from a tax sale of December 6, 1904, and subsequent taxes to date of payment on land in Ward county, in plaintiff's possession under a homestead entry. The second cause of action to recover $26.45, paid by plaintiff to defendant for taxes of 1906, levied on the same land. Such recovery is sought under the provisions of

Note.—As to right to recover money paid for illegal taxes, see notes in 11 L.R.A. (N.S.) 1104 and 16 L.R.A.(N.S.) 685.

§ 1585, Rev. Codes 1905, which, as far as material, is as follows: "When any sale of land for taxes is adjudged to be void, the judgment shall state the reason why it is void, and in all such cases and in cases where, by mistake or wrongful act of the county treasurer or auditor, land has been sold upon which no taxes were due, and in cases where taxes have been or may be paid on lands not subject to taxation, or on lands where subsequent to payment the entry has been or may be canceled, the money so paid and all subsequent taxes, penalties, and costs which have been or which may be paid, shall be refunded, with interest at 7 per cent per annum from the date of payment to the person making such payment, his heirs, or assigns, and the same shall be refunded out of the county treasury to which such money was paid, on an order from the county auditor, and a *pro rata* share of the money so refunded shall be charged to the state and to any incorporated city, town, village, or school corporation which may have received any part of such void tax."

Plaintiff presented a claim against Ward county to the board of county commissioners of said county for the amount so paid for taxes as hereinbefore stated, which board rejected said claim, from which rejection plaintiff appealed to the district court of that county. After taking the appeal herein mentioned, he served his complaint on defendant, to which complaint and notice of appeal the defendant interposed a general demurrer as follows:

1. That the above-named court has no jurisdiction of the person of the defendant and respondent herein, or of the subject-matter involved in the above-entitled action.

2. That the said notice of appeal and the complaint, or either of them, do not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer and from its order this appeal is taken.

The first cause of action set forth in the plaintiff's complaint, as far as material, is as follows:

2. That during the year 1903 the plaintiff was holding down under homestead entry from the United States lands and premises lying and being in the county of Ward and state of North Dakota, described as follows, to wit: The southeast quarter of section 10, township 163, north, range 84, west, 5th P. M., and that at said time land was not liable to taxation under the law of the state of North Dakota.

3. That, contrary to law and without right, the defendant levied and assessed a tax against the land above described, in the year 1903, for the sum of $22.69, and, without any rights in law, did on the 6th day of December, 1904, sell the above-described lands to the State Loan Company.

4. That said sale was a cloud upon the title of said land above described, and the plaintiff, in order to prevent said tax sale from going to deed, did under protest, on the 1st day of December, 1906, pay to the defendant the sum of $88.81, said amount being the amount of said sale, with subsequent taxes to date of payment. That this amount being exacted from the plaintiff by the defendant, without cause and without consideration; that no part of said amount has ever been repaid to this plaintiff, although the same is past due.

5. That the above-described land has never been patented by the United States government to this plaintiff, and that his entry thereto has been canceled, and the title to said land and the whole thereof is now and always has been in the United States.

The second cause of action is substantially like the first, except that there was no sale of the land for the taxes paid by plaintiff and sought to be recovered under the second cause of action.

The appellant, in his brief, claims that the trial court sustained the demurrer for the reason that said § 1585 of the Revised Codes of 1905, is unconstitutional, and devotes most of his brief to that question. Respondent in this court concedes that said section is constitutional, and that under proper circumstances and pleading it is possible to recover moneys paid on a void tax sale, likewise moneys paid for taxes in cases where taxes have been already or may be paid on lands not subject to taxation or on lands where subsequent to payment, the entry has been or may be canceled, together with all subsequent taxes, penalties, and costs, but contends that before appellant can recover the moneys paid under the tax sale, there should be an adjudication that the tax sale was void, and cites Van Nest v. Sargent County, 7 N. D. 139, 73 N. W. 1083. In this contention respondent is in error. This case goes no farther than to hold that a stranger who has purchased the property at a tax sale, or his assignee, cannot recover from the county for the taxes paid on such sale, and subsequent taxes paid under

such sale, which tax sale has been adjudged void, although the land is exempt from taxation, but does not hold that the fee owner, or one who claims to be the fee owner, cannot recover under the facts of this case. It is plain to us that plaintiff comes within the provisions of said statute and may maintain this action. This land was not sold by mistake or wrongful act of the county treasurer or auditor. The theory on which plaintiff is entitled to recover, if at all, is that the land was not, at the time it was taxed, subject to taxation, or that his homestead entry of such land has been canceled subsequent to the payment of said taxes. We do not agree with respondent that appellant should have applied to the board of county commissioners for an abatement of said taxes under § 1553 of the Revised Codes of 1905. If the land was not subject to taxation, then the plaintiff is entitled to recover in this action. Ibid.

While the complaint states some legal conclusions, we think under the liberal rules of pleading prescribed by our Code, the complaint is good as against a general demurrer. The complaint sufficiently shows that the plaintiff paid the amount of money he seeks to recover in payment of taxes assessed against said land and the interest and penalties thereon, and the expenses of a tax sale. Paragraph 5 of the first cause of action, and paragraph 4 of the second cause of action are the same, and read as follows:

"That the above-described land has never been patented by the United States government to this plaintiff, and that his entry thereto has been canceled, and the title to said land and the whole thereof is now and always has been in the United States."

This allegation, taken with the balance of the complaint, sufficiently shows that the land was not subject to taxation.

It is well settled that a pleading is not rendered insufficient because it contains legal conclusions in addition to the facts which properly belong in it. 31 Cyc. Law & Proc. pp. 49–51, and cases cited.

Under the Codes, the allegation of a legal conclusion, instead of the facts upon which it is based, does not usually make a pleading bad on general demurrer. 31 Cyc. Law & Proc. p. 280. See also Weber v. Lewis, — N. D. —, — L.R.A.(N.S.) —, 126 N. W. 105.

Applying the foregoing rules to the complaint in the case at bar leads us to the conclusion that the demurrer was improperly sustained.

It does not make any difference whether the tax was or was not paid under protest. Respondent's counsel does not argue the first ground of demurrer. Hence we shall consider that he abandoned it.

The order appealed from is reversed, and the case remanded for further proceedings according to law.

All concur, except Morgan, Ch. J., not participating.